F. Shirley Kaplan, Appellant, *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Appellee.

Argued February 8, 1974, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Morris Mindlin,* for appellant.

*Cecil Maidman,* Assistant Attorney General, for appellee.

OPINION BY JUDGE MENCER April 4, 1974:

This is an appeal from an order of the State Civil Service Commission (Commission) dismissing the appeal of F. Shirley Kaplan relative to her removal by the Department of Public Welfare from her position as Casework Supervisor II, regular status, with the Lebanon County Board of Assistance (Board).

Mrs. Kaplan began her employment with the Board on November 15, 1971. By August 15, 1972, she had achieved permanent civil service status. She received

an overall evaluation of "good" on a report dated October 17, 1972. However, on a similar report issued just two weeks later, her overall evaluation had dropped to "fair." Two subsequent reports, dated January 30, 1973 and April 26, 1973, showed continued deterioration in her performance, and her overall evaluation on April 26 was "unsatisfactory."

Mrs. Kaplan was notified by a letter dated April 27, 1973 that because of the deterioration of her performance she was being removed from her position, effective May 14, 1973. This letter was signed by Francis E. Ulishney, the Executive Director of the Board. A second letter from Mr. Ulishney, dated May 7, 1973, informed Mrs. Kaplan that she was suspended, effective that day. Mrs. Kaplan then appealed the suspension and removal to the Commission.

Because of its significance in this appeal, it is necessary for us to trace the procedural steps leading up to the hearing before the Commission. Mrs. Kaplan indicated her intention to appeal to the Commission on May 17, 1973. The next day a letter was sent to Mrs. Kaplan informing her that a hearing before the Commission was scheduled for June 27, 1973. Mrs. Kaplan did not seek the aid of counsel until June 20, 1973. On that day she consulted an attorney who was scheduled to appear before another tribunal on the day of the hearing before the Commission. The attorney wrote to the Commission on June 22, 1973, asking for a continuance. His request was denied. Mrs. Kaplan then appeared for the hearing and again requested a continuance. Her request was denied by the Commission and she represented herself at the hearing.

Two questions are presented on appeal. Mrs. Kaplan first argues that the Commission's denial of her request for a continuance was an abuse of discretion and a denial of due process. We do not agree.

In *Cotter v. State Civil Service Commission,* **6 Pa.** Commonwealth Ct. 498, 297 A. 2d 176 (1972), we stated that the power to grant or refuse a continuance is an inherent power of a court or administrative agency which is ordinarily discretionary and subject to review only on a clear showing of an abuse of discretion. We also stated that in determining whether or not there has been an abuse of discretion the chief consideration is whether the grant or refusal was in furtherance of justice. We cited *Bierstein v. Whitman,* 355 Pa. 515, 50 A. 2d 334 (1947), for the proposition that a continuance is proper when a refusal would be prejudicial to the rights of one of the parties.

Although we are of the opinion that an unrepresented party is generally at a disadvantage, we find that the Commission's refusal to grant Mrs. Kaplan a continuance, taking into consideration the fact that Mrs. Kaplan had been given ample time to obtain counsel and that her predicament resulted from the fact that she did not do so until less than a week before the hearing, was not a clear abuse of discretion.

Mrs. Kaplan's second argument is that the Commission's order was not supported by substantial evidence.

In an appeal from a decision of the Commission, we must affirm its adjudication unless it was not in accordance with law, a necessary finding of fact was unsupported by the evidence, or constitutional rights were violated. *Angel v. State Civil Service Commission,* 9 Pa. Commonwealth Ct. 582, 309 A. 2d 69 (1973).

The Commission made fourteen findings of fact which we have found to be supported by testimony presented at the hearing. Although most of this testimony was contradicted by Mrs. Kaplan, the Commission resolved this conflict in testimony against Mrs. Kaplan, stating that it was not convinced that her testimony was credible. Of course, it is the duty of the

Commission to determine the credibility of witnesses and the value of their testimony, and we cannot substitute our judgment for that of the Commission. *Williams v. Civil Service Commission,* 9 Pa. Commonwealth Ct. 437, 306 A. 2d 419 (1973).

We also find that the Commission's findings of fact support its legal conclusions that Mrs. Kaplan was suspended for good cause under Section 803 of the Civil Service Act, Act of August 5, 1941, P. L. 752, 71 P.S. §741.803, and was removed for just cause under Section 807 of the Civil Service Act, as amended, 71 P.S. §741.807.

It is well established under the above sections that Mrs. Kaplan could only be suspended for good cause and removed for just cause. Although "good cause" and "just cause" are not defined in the Act, it has been held that one's relationship with the classified service turns upon a merit concept. As we recently stated in *Williams, supra* at 442, 306 A. 2d at 421-22, quoting from *Corder v. Civil Service Commission,* 2 Pa. Commonwealth Ct. 462, 467, 279 A. 2d 368, 371 (1971), " '[w]e are able to discern that the legislative intent relating to one's relationship with the classified service turns upon a merit concept. This means that any "personnel action" carried out by the Commonwealth is to be scrutinized in the light of such merit criteria, as has the party failed to properly execute his duties, or has he done an act which hampers or frustrates the execution of same. The criteria must be job-related and in some rational and logical manner touch upon competency and ability.' "

We find that the testimony of the Board's witnesses, which was accepted by the Commission, made it clear that Mrs. Kaplan's suspension and removal were brought about by conduct which was related to her job and which definitely touched upon her competency and ability. Such testimony, therefore, supports the

34

legal conclusions reached by the Commission. We therefore issue the following

AND Now, this 4th day of April, 1974, the order of the State Civil Service Commission under date of August 23, 1973, relative to the appeal of F. Shirley Kaplan, is hereby affirmed.