Steven J. Minnick, Petitioner *v.* Commonwealth of Pennsylvania, Insurance Department, Respondent.

Submitted on briefs, September 16, 1977, to Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Lee P. Symons,* with him *Retos & Symons,* for petitioner.

*Gayle Lewis Carter,* Assistant Attorney General, with her *John H. Isom,* Assistant Attorney General, *Guy J. DePasquale,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, October 24, 1977:

This is the appeal of Steven J. Minnick from an order of the Insurance Commissioner revoking his license to act as an insurance agent and fining him two thousand dollars.

Minnick was cited by the Insurance Department for violations of Section 633 and 633.1 of The Insurance Department Act of 1921[1] for failing to remit insurance

[1] Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. §§273, 273.1.

premiums collected by him to his broker. The Insurance Commissioner scheduled a hearing for October 3, 1975. Minnick's lawyer, John W. McIlvaine, requested and was granted a continuance until November 7, 1975. On the afternoon of November 6, 1975 McIlvaine requested a further continuance which was denied because the hearing examiner had left for Pittsburgh enroute to Uniontown, the hearing place chosen to convenience Minnick and his witnesses. Minnick appeared for the hearing at 10:00 A.M. November 7, 1975 but his counsel did not. The hearing examiner delayed the hearing three hours during which he attempted to reach McIlvaine by telephone. Messages were left at McIlvaine's home, office and at the Greene County Courthouse where McIlvaine was to appear, according to his request for continuance made the afternoon before. The Clerk of Courts of Greene County told the hearing examiner that McIlvaine's case had been settled as of 10:00 A.M. that day. McIlvaine did not appear at any time on November 7, 1975 and the hearing was conducted without him. Minnick's request that the hearing be delayed until his lawyer appeared was denied. Late in the afternoon of November 7, 1975, after testimony had been given, Minnick requested and was granted a continuance of the proceedings until November 18, 1975. Before November 18, 1975 McIlvaine requested another continuance and the hearing was rescheduled for December 8, 1975. At 10:00 A.M. December 8, 1975 neither Minnick nor his counsel appeared at the hearing place. The examiner attempted without success to reach both by telephone. The hearing proceeded and the record was closed. On the afternoon of December 8, 1975 the hearing examiner received a letter from McIlvaine dated December 4, 1975 requesting a continuance of the December 8, 1975 hearing due to the poor health of Minnick's wife. On De-

cember 15, 1975 the hearing examiner informed McIlvaine that his request for a continuance was tardy and directed him to file a written motion to reopen the hearing with a brief on his position. McIlvaine filed a letter dated January 7, 1976 as a motion to reopen the hearing and a letter dated January 19, 1976 stating that Mr. Minnick's wife had been ill. On September 8, 1976 the Commissioner entered his Adjudication and Order holding that Minnick had violated Sections 633 and 633.1 of The Insurance Department Act of 1921 and denying Minnick's motion to reopen the hearings.

Minnick, by new counsel, now principally claims that the Department should have continued the November 7, 1975 hearing because his counsel was unable to appear and that the Department should have continued the December 8, 1975 hearing because of his wife's illness. He also complains that the Commissioner's findings were unclear and ambiguous. Minnick in this appeal seeks a remand for a new hearing on the ground that the Department abused its discretion with respect to the hearings.

> The power to grant or refuse a continuance is an inherent power of a court and ordinarily is discretionary. The exercise of such discretion is usually not reviewable, except upon a clear showing of an abuse of discretion. The same general rules apply where the application for a continuance is addressed to an administrative agency.

*Cotter v. State Civil Service Commission,* 6 Pa. Commonwealth Ct. 498, 500, 297 A.2d 176, 178 (1972).

Our recital of the Department's efforts to conduct hearings and Minnick's and his former lawyer's last minute appeals for continuances demonstrates an indulgent rather than harsh treatment of Minnick's unwillingness or inability to go forward with the case.

The Department twice granted continuances timely requested and its examiner delayed a scheduled hearing for several hours in an attempt to find Minnick's elusive lawyer. The Department's discretion was exercised quite appropriately throughout.

Minnick's assertion that the adjudication on the merits was inadequate is totally without merit. The Commissioner makes no less than 28 very specific findings of fact, those crucial to the merits being that Minnick as an agent collected premiums from customers in a total amount exceeding $5500 which he did not remit to his broker. The Commissioner's findings are supported by the record, his conclusions are consistent with his findings and his adjudication explains and justifies his action very well indeed.

Therefore, the Commissioner's order is affirmed and this appeal is dismissed.

ORDER

AND Now, this 24th day of October, 1977, the Order of the Commissioner of Insurance made September 8, 1976 is affirmed and Steven J. Minnick's appeal is dismissed.