In Re: Appeal of Alexander Konick from Suspension and Removal as Enforcement Officer IV of the Pennsylvania Liquor Control Board. Alexander Konick, Appellant.

Argued October 31, 1977, before Judges CRUMLISH, JR. and BLATT, sitting as a panel of two.

*Michael W. Zurat,* for appellant.

*William C. O'Toole,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, April 3, 1978:

Alexander V. Konick appeals to us from a State Civil Service Commission (Commission) order which

sustained his suspension and later removal by the Pennsylvania Liquor Control Board (PLCB) from his position as a regular status Enforcement Officer IV.

Effective June 3, 1975, Konick was suspended without pay by the PLCB Executive Director on a charge of "conduct unbecoming an enforcement officer." The PLCB affirmed this suspension and ordered his removal from his position effective July 14, 1975. On appeal, the Commission heard the PLCB's evidence with regard to its charges against Konick and, on that basis alone, concluded that he had been removed for "just cause" pursuant to Section 807 of the Civil Service Act[1] (Act), 71 P.S. §741.807. Following the advice of his counsel, Konick did not testify or produce any witnesses at the Commission hearing, his reason apparently being that two criminal prosecutions had also been initiated against Konick which directly related to the PLCB's charges.

The appeal raises four distinct issues: (1) whether or not the record substantiates a finding of just cause for removal, (2) whether or not the Commission acted arbitrarily in denying a continuance, (3) whether or not Konick was denied equal protection, due process, and effective assistance of counsel, and (4) whether or not he was denied a fair hearing because of adverse publicity. Our scope of review, of course, is limited to a determination of whether or not the Commission erred as a matter of law or violated Konick's constitutional rights and whether or not the findings necessary to support the Commission's adjudication are supported by substantial evidence. *Department of Health v. Howell*, 24 Pa. Commonwealth Ct. 42, 354 A.2d 21 (1976). If the Commission's findings are supported by evidence sufficient to convince a reasonable

---

[1] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.1 et seq.

mind to a fair degree of certainty, we must accept the findings and we may not substitute our own judgment. *McClelland v. State Civil Service Commission*, 14 Pa. Commonwealth Ct. 339, 322 A.2d 133 (1974).

The Commission made nineteen findings which we have carefully reviewed and which we find to be supported by the testimony presented at the hearing. Moreover, we believe that these findings adequately substantiate the Commission's conclusion that Konick was removed for just cause.

As we have previously held, an employee is properly removed under the "just cause" provision of the Act if the removal is based on merit criteria related to the job and touches in some rational and logical manner upon competency and ability. *Kaplan v. State Civil Service Commission*, 13 Pa. Commonwealth Ct. 29, 317 A.2d 683 (1974). And, without detailing all of the findings, the record clearly establishes the following:

11. Appellant ordered Enforcement Officers under his supervision to ignore certain Liquor Code violations observed during the course of their investigation.

12. Appellant ordered Enforcement Officers under his supervision to falsify enforcement investigation reports and/or recommendations by omission or alteration.

15. Appellant used improper direction and discipline of personnel under his supervision resulting in waste of Commonwealth funds. . . .

16. Appellant deliberately violated the Enforcement Officer contract negotiated between the FOP and the Commonwealth by refusing legitimate benefits to Enforcement Officers under his supervision, as means of reprisal and/or discipline.

Undoubtedly these findings are job-related, and they represent both serious misconduct and incompetency sufficient to support the Commission's order.

Konick also contends that he was improperly denied a continuance, relying on the case of *Cotter v. State Civil Service Commission*, 6 Pa. Commonwealth Ct. 498, 297 A.2d 176 (1972), in which this Court held that the Commission had abused its discretion in denying a requested continuance to an individual facing criminal charges who did not wish to testify in his own defense before the Commission while the charges were pending. Konick's case, however, is easily distinguishable from *Cotter, supra*. Here Konick waited until *after* the PLCB had presented its evidence before making his request for a "recess" of one day, and his attorney at no time indicated to the Commission that his reason for delay was to avoid the necessity of testifying in a manner which could jeopardize his position in the criminal cases. We cannot believe that the denial of a one day delay was an abuse of the Commission's discretion where the granting of such a continuance would have done nothing to ameliorate Konick's dilemma, especially where the Commission was never informed of the reason for the continuance request.

Konick apparently believes that his counsel gave him ineffective assistance in advising him not to testify before the Commission. Even in a criminal trial, however, decisions of counsel which are strategic in nature, such as the decision not to permit an individual to testify, are binding on the client. *Commonwealth ex rel. Bell v. Rundle*, 420 Pa. 127, 216 A.2d 57, *cert. denied*, 384 U.S. 966 (1966). We do not believe that Konick received ineffective assistance, but even if we did, he must be bound by his counsel's decision. Moreover, we find no merit in his argument that he was denied due process or equal protection in not being

given a "full opportunity to be heard," for the record reveals that he was, in fact, given an opportunity by the Commission to present evidence but that he simply did not present any. Finally, Konick claims that he was denied a fair hearing because of several newspaper articles relating to his removal which appeared prior to the Commission's hearings. He did not, however, raise the matter of unfair publicity before the Commission, and his attempts to raise it here by attaching copies of the articles to his brief cannot bring this issue properly before us. These articles cannot become part of the record by reason of their appendage to a brief.

For all of the foregoing reasons, we will affirm the Commission's order.

## ORDER

AND Now, this 3rd day of April, 1978, the order of the State Civil Service Commission sustaining the removal of Alexander Konick from his position of Enforcement Officer IV, regular status, is hereby affirmed.