William J. Flannery, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondent.

Argued September 29, 1978, before Judges WILKIN-SON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Leonard Talarico,* with him *Robert A. Polin,* and *Talarico, Polin, Sulman & Lilian,* for petitioner.

*David Shotel,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., October 26, 1978:

This is an appeal by a state civil service employee (hereinafter petitioner) from an order of the Pennsylvania State Civil Service Commission (Commis-

sion) upholding his suspension for three days as a manager of a State Liquor Store. We affirm.

Petitioner was suspended by the Pennsylvania Liquor Control Board (respondent herein) on charges of failure to properly discharge his duties as a Liquor Store General Manager IIIA in failing to maintain and supervise store sales and operating procedures resulting in an unacceptable loss factor and for unsatisfactory supervisor's reports on December 1, 1976, January 14, and March 8 and 25, 1977. He appealed the suspension to the Commission and a hearing was held on July 8; 1977. Petitioner testified in his own defense and offered testimony of one other witness. The respondent presented four witnesses.

The collected testimony of respondent's witnesses was that the store had operated with a high loss factor, but similar losses had been reported prior to the time petitioner became general manager, that a clerk had not signed in or out on time cards on January 14 and petitioner had not signed out on March 8 and that on the four inspection dates the store evidenced a need for "general housecleaning."

In its adjudication rendered September 19, 1977 the Commission specifically found that petitioner in general "did not fail to properly maintain and supervise store sales and operating procedures," but found specifically that time cards were not properly maintained on January 14, 1977 and that the store was in need of cleaning on December 1, 1976, March 8 and March 25, 1977. It found that the general charge of failure to properly maintain and supervise store sales and operating procedures was too general to allow for the preparation of a defense but it found that petitioner had been specifically informed that part of his unsatisfactory performance was his failure to properly supervise the keeping of time cards. Accordingly, the Commission concluded the petitioner had been prop-

erly suspended for cause pursuant to Section 803 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.803.

We are required to affirm the Commission's adjudication unless it was not in accordance with law, a necessary finding was unsupported by the evidence or if constitutional rights were violated. *Kaplan v. Civil Service Commission*, 13 Pa. Commonwealth Ct. 29, 317 A.2d 683 (1974).

Petitioner argues that the Commission's decision is not supported by competent evidence because one of the charges against him was found without substance by the Commission and further that the finding with regard to time cards cannot support the Commission's conclusion because he was never formally charged with keeping careless time cards.

Even considering that the Commission found the respondent had not established facts sufficient to justify the first charge, in general, we are unable to conclude that the Commission abused its discretion in upholding the suspension. There is ample evidence in the record to support the conclusion that petitioner had been advised repeatedly that his performance was unsatisfactory. In addition, we find that petitioner's assertion that he had never been charged with failure to maintain proper time cards to be without merit. Documents all made a part of the record, as well as the testimony of his supervisor, show petitioner was present at the time the supervisor's inspections were made and that he was informed that one of the bases for the unsatisfactory ratings was failure to keep proper time cards.

Accordingly, we will enter the following

ORDER

AND Now, October 26, 1978, the order of the State Civil Service Commission, at Appeal No. 2213, dated

300

September 19, 1977, sustaining the suspension of petitioner William J. Flannery, is hereby affirmed.