David A. Henley, Petitioner *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Respondent.

Argued September 14, 1978, before Judges MEN-CER, DiSALLE and MACPHAIL, sitting as a panel of three.

*Richard Steven Levine,* for petitioner.

*Sanford Kahn,* General Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, December 18, 1978:

David A. Henley (Petitioner) appeals to us from a State Civil Service Commission (Commission) order which sustained his suspensions and removal by the Human Relations Commission (HRC) from his position as a Human Relations Representative II, probationary status.

Petitioner was employed by the HRC in September of 1972, and on October 24 of that same year he was informed by the Commission that his status was "provisional." The Petitioner's status remained "provisional" until June 4, 1976, at which time Petitioner's status became "probationary" pursuant to the provisions of Article VI, Section 604 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.604.[1] On November 15, 1976, his probationary status was extended. In fact, Petitioner never attained "regular" employee status.

---

[1] This section provides, *inter alia,* that "[a]ny State employe who, on the effective date of this act, had been in provisional status since April 1, 1975 shall assume the status of a probationary employe for a period of six months."

On November 8, 1976, Petitioner was notified by memorandum from HRC that he had been suspended for a period of three (3) days for reasons specifically set forth in that memorandum.[2] On November 10, 1976, Petitioner was suspended for insubordination for an additional period not to exceed twenty-seven (27) days. Petitioner appealed to the Commission from these suspension orders.

On December 2, 1976, Petitioner was informed of his removal by HRC with the notification of that action setting forth the reasons for his removal in full.[3] Thereafter, the Petitioner appealed from his removal and requested a hearing as provided in Section 951 of the Act, 71 P.S. §741.951(b).[4]

Counsel, other than Petitioner's present counsel, entered an appearance in the proceedings before the Commission on behalf of the Petitioner on December 28, 1976 but withdrew that appearance on January 13, 1977. On the following day, Petitioner was advised by the Commission that a hearing was scheduled for February 3, 1977. Notwithstanding that fact, it was

---

[2] ". . . your totally unsatisfactory work performance and behavior on the job and your continued insubordination to your immediate supervisor and myself . . . your latest refusals to do work as assigned and your threats to contradict the actions of the Commission. . . ."

[3] 1. Continued incidents of insubordination.

2. Failure to perform job duties and to carry out responsibilities.

3. Use of abusive and insulting language.

4. Disruptive office behavior. This behavior has resulted in a deterioration of your work performance over the past year to the extent that it is totally unacceptable to this Commission.

[4] Any person who is aggrieved by an alleged violation of section 905.1 of this Act may appeal in writing to the commission within twenty calendar days of the alleged violation.

not until January 28, 1977, that Petitioner acquired his present counsel. That counsel immediately contacted the Commission by telephone and requested a continuance, which request was denied. Counsel also requested 19 subpoenas duces tecum. He was advised that such subpoenas could not be issued unless the Commission was informed of the specific records being subpoenaed. When that information was not forthcoming, the Commission sent personal subpoenas to Petitioner's counsel.

On February 3, 1977, the Commission convened the hearing at which time counsel for the Petitioner and the Petitioner appeared. Counsel presented three motions: a motion for a continuance, a motion for an evidentiary hearing on the question of whether or not the Petitioner was a "regular" employee and a motion for the appointment of an independent hearing examiner. All three motions were denied by the Commission. The Petitioner offered no testimony. Thereafter, the Commission handed down an adjudication and order dismissing the Petitioner's appeals.

Our scope of review is limited to a determination of whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact were supported by substantial evidence. *Appeal of Konick*, 34 Pa. Commonwealth Ct. 502, 383 A.2d 1002 (1978).

Petitioner argues to us that the Commission denied him his constitutional right to due process of law by refusing to (1) issue subpoenas duces tecum as requested (2) grant a continuance and (3) appoint an independent hearing examiner. In addition, Petitioner contends that the Commission's refusal to grant an evidentiary hearing to determine whether the Petitioner was a "regular" employee, was a denial of his constitutional right to equal protection under the law as well as a denial of his right to due process of law.

The Commission refused to issue subpoenas duces tecum because there had been no compliance with Section 35.142(a) of the Rules of Administrative Practice and Procedure, 1 Pa. Code §35.142(a). That regulation requires that an application for a subpoena must be in writing except during sessions of a hearing when the application may be made orally. The regulation also provides that an application for a subpoena duces tecum shall specify, as nearly as may be, the relevance, materiality and scope of the documentary evidence sought and a specification, as nearly as may be, of the documents desired and the facts to be proved by those documents in sufficient detail to indicate the materiality and relevance of such documents. The Petitioner admits, as he must, that he did not conform with the requirement that the application be in writing; nor has he at any time conformed with the requirement mandating a specification of the documents desired to be produced. While argument was made before the Commission concerning the failure to issue the subpoenas, we find nothing in the record which would indicate compliance with the requirements during the Commission's proceedings, notwithstanding the fact that such compliance may have then warranted the issuance of the subpoenas. Absent that requisite compliance, Petitioner's argument in this regard is without merit.

It is well settled that the power to grant or refuse a continuance is an inherent power of the Court or administrative agency which is ordinarily discretionary and subject to review only on a clear showing of abuse of discretion. *Kaplan v. State Civil Service Commission*, 13 Pa. Commonwealth Ct. 29, 317 A.2d 683 (1974). Under the circumstances of this case, we cannot conclude that the agency abused its discretion. Had the Petitioner been diligent in seeking new counsel when his original counsel withdrew, the situation

might have been different. The factual posture of this case is quite similar to that presented to this Court in *Kaplan, supra,* where this Court held there had been no abuse of discretion in refusing a request for a continuance. Accordingly, we hold that the Commission did not abuse its discretion and the Petitioner was not denied due process of law by the Commission's refusal to grant a continuance.

As we previously noted, although the Petitioner and his counsel appeared before the Commission for a hearing, there was no hearing. Even the Petitioner himself did not testify. The Petitioner's argument brief contains much information which he contends would support his demand for a hearing to determine whether he should be classified as a "regular" employee, but there is nothing in *the record* to support such a demand. Under such circumstances, the Commission had no choice other than to deny such a hearing. No constitutional issues are even remotely related to this part of the proceeding. On the merits, however, we note that prior to the expiration of his six month probationary period, the Petitioner had been suspended. Since he had not "satisfactorily" completed his probationary period, he could not assume regular employee status. *Shapiro v. State Civil Service Commission,* 12 Pa. Commonwealth Ct. 121, 315 A.2d 324 (1974).

Finally, Petitioner argues that the Commission was a partial and unfair tribunal and therefore not competent to render a decision on his appeals. Again, there is nothing in the record to support this contention. Petitioner's brief argues that the Human Relations Commission and the State Civil Service Commission were somehow co-conspirators obstructing the Petitioner's right to take a civil service examination. But, we repeat, there is no record upon which such a charge can be substantiated. Absent a showing of

actual bias the Commission is not only a proper body to dispose of the Petitioner's appeals, it is the only body authorized by law to do so. Section 951 of the Act, 71 P.S. §741.951.

For the foregoing reasons, the order of the Commission will be affirmed.

### ORDER

AND Now, this 18th day of December, 1978 the decision of the State Civil Service Commission, dated May 24, 1977, is affirmed.