Dorothy Zuckerkandel, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 5, 1980, before Judges Wilkinson, Jr., Blatt and Williams, Jr., sitting as a panel of three.

*Deborah R. Willig, Kirschner, Walters & Willig,* for petitioner.

*Jerry I. Drew,* Deputy Attorney General, with him *John O. J. Shellenberger,* Deputy Attorney General of Eastern Region and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., July 1, 1980:

Petitioner was employed as an Information Specialist II, a classified service position for the Department of Welfare (Department). By letter of September 15, 1978 she was suspended without pay for a period of five days under Section 803 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.803, for misuse of a state motor vehicle, improper conduct detrimental to the reputation of the Department and failure to properly notify her supervisor of travel activities. All charges against petitioner arise from her use of a state vehicle on July 4, 1978, a state holiday, to travel to a New Jersey shore location and her failure to record this trip on her mileage report.

In a timely manner petitioner appealed her suspension to the State Civil Service Commission (Commission), on the grounds that a five day suspension was excessive punishment. She stated this as the sole ground for her appeal in her letter of September 28, 1978. She repeated this as the only ground for her appeal on the form submitted to the Commission on October 13, 1978. At the hearing held on January 5, 1979, in response to a question from the Chairman of

the Commission as to whether he would "zero in on the penalty", counsel for petitioner replied,

> Mr. Chairman, *we do not deny the allegations made with regard to taking a state car out of the state,* but with regard to deliberate falsification of records, we absolutely deny that, and the burden would be on the Commonwealth to prove that it was deliberate falsification; and also that there was any damage done to the Commonwealth as alleged in their document.

At the hearing petitioner admitted that she had gone to New Jersey on July 4, 1978 in a state car but for the first time denied that she was aware of a ban on out-of-state use of Commonwealth vehicles. Further, she stated that part of her purpose for going to New Jersey was to visit the Ocean City Vacation House, a facility used as part of a normalization period by Pennhurst, a Department facility. Another part of her purpose for the trip was to vacation in Margate, New Jersey. The Department presented testimony that petitioner admitted to her supervisor that her vacation to Margate was the primary purpose of the trip and the visit to Ocean City an afterthought.

Petitioner attempted to justify her trip on the basis of lack of knowledge of regulations concerning state automobile use, having a partial business related purpose, and mere inadvertence. However, the Commission, based on a substantial record, found the evidence presented by petitioner incredible.[1] In reviewing this

---

[1] Petitioner's counsel asked petitioner on direct examination:

Q Now, when you came back and returned the car, did you fill out where you went over the weekend?

A Yes, I did.

Q Did you fill it out correctly?

A I usually fill these out on a last minute basis, you know, because when I return the car somebody else has their hot hands out for it. And it is a limited space. So I can't swear that I dotted every 'i' and crossed every 't'.

case we must accept the Commission's findings of fact when supported by such evidence and absent error of law or violation of constitutional rights. *Flannery v. Pennsylvania Liquor Control Board,* 38 Pa. Commonwealth Ct. 296, 392 A.2d 914 (1978).

Section 803 of the Act provides an appointing authority may suspend an employee for good cause. The reasons for suspension are further defined by Section 101.21(a) of the Rules of the Civil Service Commission, 4 Pa. Code §101.21(a), and include misconduct amounting to violation of law, rules or lawful and reasonable departmental orders; scandalous or disgraceful conduct while on or off duty which may bring the service of the Commonwealth into dispute; and similar substantial reasons.

As we stated in *Eppolito v. Bristol Borough,* 19 Pa. Commonwealth Ct. 99, 339 A.2d 653 (1975), dealing with a municipal civil service employee, a court reviewing the penalty imposed on an employee is not to substitute its determination for that of the employer. Rather, the court is merely to make certain that just

---

Q Did you put in accurate mileage?

A Yes, because that is something that can be measured. I took the car at certain miles and returned it at certain miles.

Q So you counted up the mileage and put it down?

A Yes.

Q Now, did you put down specifically that you went to New Jersey?

A No.

Q Why not?

A There were several places I went. And in my haste I think I put down Eagles Springs, Pennsylvania, because Eagles Springs is the organization that ran the vacation home in New Jersey. And I don't have what I put down in front of me, but that is what I put down.

It is understandable why the Commission did not accept the characterization of these discrepancies as being within the category of not dotting every "i" and crossing every "t".

cause exists and that the appointing authority did not abuse its discretion. The Department acted within the constraints of the law in the imposition of the instant penalty.

Accordingly, we will enter the following

ORDER

AND Now, July 1, 1980, the order of the State Civil Service Commission, at Appeal No. 2609, dated April 24, 1979, sustaining the suspension of petitioner Dorothy Zuckerkandel, is hereby affirmed.