Marlo L. Roderick, Petitioner *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Respondent.

Submitted on briefs February 1, 1985, to Judges DOYLE and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Jack I. Kaufman,* for petitioner.

*Earl R. Dryer,* Deputy Counsel, for respondent.

*Richard C. Lengler,* Assistant Chief Counsel, for intervenor, Department of Labor and Industry.

OPINION BY JUDGE DOYLE, March 26, 1985:

This is an appeal by Marlo L. Roderick (Appellant) from a decision and order of the State Civil Service Commission (Commission) dismissing Appellant's appeal as untimely filed. The sole issue for our consideration on appeal is whether the Commission abused its discretion in denying a continuance.

Appellant, by letter dated April 15, 1981, was notified by the Department of Labor and Industry, Office of Employment Security at Allentown (Appointing Authority) that because she had been absent from duty for more than five consecutive working days she would be presumed to have abandoned her position as an intermittent intake interviewer, U.C., regular status, effective April 13, 1981 and to have resigned. By letter dated May 20, 1981, Appellant requested that the Commission allow her to appeal nunc pro tunc[1] averring that she had been advised by the Appointing

---

[1] Section 951 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* added by Section 27 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.951 provides that appeals are to be taken within twenty calendar days of notice from the Appointing Authority of the personnel action.

Authority that her personnel action was appealable to
the Office of Employment Security in Allentown. By
order dated June 30, 1981 Appellant's request to ap-
peal nunc pro tunc was denied by the Commission
without its having held a hearing. Appeal to this
Court followed and in *Roderick v. State Civil Service
Commission,* 76 Pa. Commonwealth Ct. 329, 463 A.2d
1261 (1983) this Court vacated the Commission's or-
der and remanded the matter to the Commission di-
recting it to hold a hearing to determine whether an
appeal nunc pro tunc should be allowed.

The Commission scheduled a hearing for January
10, 1984 in Philadelphia. The parties were duly noti-
fied and counsel for both sides were advised in ad-
vance that the Commission would first hear evidence
on whether Appellant had been misled by the Appoint-
ing Authority with respect to her appeal rights to the
State Civil Service Commission. The Commission
further advised counsel that they should be prepared
to present evidence on the merits of the personnel ac-
tion should the Commission rule that an appeal nunc
pro tunc be allowed.

On January 9, 1984, counsel for Appellant re-
quested a continuance because of *anticipated* bad
weather. The Commission's Chairman, Mary D.
Barnes, denied the request, but instructed Appellant's
counsel (who apparently works or lives in the Allen-
town area) to contact a designated Commission repre-
sentative at 6:30 a.m. on January 10, 1984 should bad
weather actually materialize. Although bad weather
did not materialize, on the morning of January 10,
1984 Appellant's counsel contacted the representative
and advised her that he would not attend the hearing.

The Commission held the hearing in Philadelphia
on January 10, 1984 at 11:15 a.m.[2] at which time testi-

---

[2] The hearing was actually scheduled for 9:30 a.m.

mony was elicited that the roads between Allentown and Philadelphia were dry and clear. The Commission then heard testimony on whether the Appointing Authority had misdirected Appellant with respect to her appeal rights. The Commission found that the conversation Appellant alleged she had had with an Appointing Authority's employee regarding her appeal rights had occurred prior to the date of her personnel action letter. The Commission further found that Appellant had not been misdirected and that the Appointing Authority's regional manager had informed her that when she received her personnel action letter any appeal she took should be to the State Civil Service Commission.

The Commission reasoned that Appellant (who, like her attorney, did not report for the hearing) had presented no evidence which would justify allowing the appeal nunc pro tunc and, accordingly, granted the Appointing Authority's motion to dismiss Appellant's appeal. The Commission, with respect to its refusal to grant a continuance said in its adjudication:

> With regard to the continuance requested by counsel for appellant, it is our view that denial of said request was proper. As presented by counsel for appellant in his January 9, 1984, request, the sole basis for continuance was an anticipated snow which would have made it difficult for him to drive from Allentown to Philadelphia for the hearing. Counsel's request having been denied, the Commission offered a reasonable alternative, i.e., that should bad weather materialize, continuance could at that time be granted. As noted on the record (N.T. pp. 10-11), the anticipated snow did not occur. N.T. pp. 9-10. The failure of counsel or appellant to attend the hearing despite denial of continuance

and the failure, of circumstances requiring continuance, to materialize requires no further comment.

Preliminarily we note that "[o]ur scope of review is limited to a determination of whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact were supported by substantial evidence." *Henley v. State Civil Service Commission,* 39 Pa. Commonwealth Ct. 286, 289, 395 A.2d 330, 332 (1978). "It is well settled that the power to grant or refuse a continuance is an inherent power of the court or administrative agency which is ordinarily discretionary and subject to review only on a clear showing of abuse of discretion." *Id.* at 290, 395 A.2d at 333. "In determining whether or not there has been an abuse of discretion in granting or refusing a continuance, the chief consideration is whether the grant or denial was in furtherance of justice." *Cotter v. State Civil Service Commission,* 6 Pa. Commonwealth Ct. 498, 500, 297 A.2d 176, 178 (1972).

The facts here indicate that the request for a continuance was initiated because of *predictions* of inclement weather. The Commission was reluctant to grant a continuance only upon the possibility of such weather. The deposition of Appellant's counsel indicates that while the Commission was concerned with the problem of scheduling its hearings, it expressed a willingness to grant a continuance *if the inclement weather actually materialized.* Moreover, arrangements were made for Appellant's counsel to contact a designated Commission representative (the Commission's Chief of Appeals) so that a last minute continuance could be arranged if necessary. These reasonable precautions bespeak an exercise of discretion, not an abuse of it. Appellant's counsel cites *Cotter,* in

which denial of a continuance was held to be an abuse of discretion because the denial was not in the interest of justice. But, in *Cotter* an *actual,* not hypothetical, hardship existed on the part of the party seeking the continuance. Specifically, appellant there was forced to choose between testifying at the Commission hearing or retaining his privilege against self-incrimination at a concurrent criminal proceeding. We therefore find *Cotter* to be easily distinguishable from the present case.

In a letter requesting reconsideration to the Commission sent by Appellant's counsel on January 27, 1984, (seventeen days after the hearing) counsel advanced as an additional reason for the Commission to reconsider its determination counsel's health problems which were apparently agitated by severe winter weather.[3] We agree with the Commission that where it was not apprised of counsel's health problems (which were known to counsel) at the time the continuance was requested, this fact can not be properly considered in determining whether the Commission abused its discretion.

Appellant's counsel also suggests that because counsel for the Appointing Authority agreed not to oppose a continuance one should have been granted. No legal authority is cited for this proposition. We note, by analogy, that the Pennsylvania Rules of Civil Procedure provide as one ground for granting of a continuance the agreement of counsel *and court approval.* Pa. R.C.P. 216(A)(1).

While we hasten to say that the administrative difficulties of scheduling hearings is no basis for the denial of a continuance *when circumstances actually exist which would warrant one,* where, as here, the

---

[3] The reconsideration issue has not been appealed to this Court.

reasons upon which the request for continuance was based were hypothetical only, the Commission did not abuse its discretion in insisting that the case (which has been in litigation since 1981) move forward for prompt resolution. Affirmed.

### Order

Now, March 26, 1985, the decision and order of the State Civil Service Commission in the above captioned matter, Appeal No. 3454, dated February 16, 1984, is hereby affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.