523 A.2d 837

Pennsylvania Savings Association, Petitioner *v.* Commonwealth of Pennsylvania, Department of Banking, Respondent.

Argued February 24, 1987, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*C. Lawrence Rutstein*, with him, *David R. Rosenfeld* and *Susan Greenspun, Bluestein, Rutstein & Mirarchi, P.C.*, for petitioner.

*Stephen F. J. Martin*, Assistant Counsel, with him, *Hugh A. Benson*, Assistant Counsel, and *Henry G. Barr*, General Counsel, for respondent.

*Gerald Gornish*, with him, *Mitchell E. Panzer*, Of Counsel: *Wolf, Block, Schorr and Solis-Cohen*, for intervenor, St. Edmond's Savings & Loan Association.

OPINION BY SENIOR JUDGE BARBIERI, April 6, 1987:

Pennsylvania Savings Association (PSA), Petitioner, appeals here from an order and adjudication of the Department of Banking (Department) approving the application of St. Edmond's Savings & Loan Association (St. Edmond's) for a Letter of Authority to establish a branch office. Having carefully considered PSA's contentions, we affirm the Department's approval of St. Edmond's application.

On July 29, 1985, St. Edmond's filed an application with the Department for a Letter of Authority to establish a branch office at 1901 East Passyunk Avenue, in Philadelphia. At that time, St. Edmond's had only one office located at 2001 South Twenty-Third Street, in Philadelphia. PSA filed a protest to St. Edmond's application and requested a formal hearing pursuant to 10 Pa. Code §3.5. That hearing was held on November 18, 1985, during which the Department heard testimony from both St. Edmond's and PSA and also considered a Branch Application Investigatory Report prepared by one of its examiners. On March 13, 1986, the Department Secretary entered an order and adjudication approving St. Edmond's application. PSA filed a timely petition for review with this Court and was granted a stay by order of this Court dated July 18, 1986.

In this appeal, PSA contends that (1) the Department's findings are unsupported by substantial evidence; (2) the Department abused its discretion by approving St. Edmond's application; and (3) the Department abused its discretion in denying PSA's request to cross-examine the Department's examiner who prepared the Branch Application Investigatory Report. We shall discuss these issues *seriatim,* ever mindful, of course, that our limited scope of review under Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, requires the Court to affirm the Department's order and adjudication unless necessary findings are unsupported by substantial evidence; an error of law committed; or a constitutional right of the petitioner violated. *Miller v. Department of Banking,* 87 Pa. Commonwealth Ct. 576, 487 A.2d 1059 (1985).

PSA's first contention is that several necessary findings of the Department are unsupported by substantial evidence. Specifically, PSA challenges the evidentiary

support for findings 6, 12, and 14 through 18. Those findings read as follows:

6. The primary service area consists of an area encompassing Fifth Street to the East and 18th Street to the West. It also includes Wharton Street to the North and Bigler Street to the South. The secondary area will include Front Street to Christian Street North and 18th Street West to Washington Avenue.

. . . .

12. At the time of the application, there were 17 branches of financial institutions, *i.e.* banks and savings associations, located in the proposed service area.

. . . .

14. The financial history and condition and management of the Applicant [St. Edmond's] are regarded as satisfactory.

15. The present management of Applicant has extensive familiarity with the South Philadelphia area and the proposed branch location.

16. The establishment of the proposed branch would not result in an 'overbanked' condition and would not have an adverse effect on the Protestant [PSA] or other financial institutions in the service area.

17. The establishment of the new branch will enable Applicant to remain competitive with the other associations and financial institutions in the area.

18. The establishment of the new branch will enable Applicant to serve the convenience and needs of its customers.

PSA also contends that findings 16 through 18 are actually conclusions of law.

When reviewing findings made by an agency, the role of an appellate court is merely to ensure that the

findings are supported by substantial evidence contained in the record, matters such as witness credibility and evidentiary weight are solely the functions of the fact-finding agency, here the Department. *See e.g. LaCourt v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985); *Brennan v. Unemployment Compensation Board of Review,* 87 Pa. Commonwealth Ct. 265, 487 A.2d 73 (1985). We have previously defined "substantial evidence" to be such evidence as a reasonable mind might accept as adequate to support a conclusion that requires something more than a scintilla creating a mere suspicion of the existence of the fact to be established. *See e.g. Norfolk & Western Railway Co. v. Pennsylvania Public Utility Commission,* 489 Pa. 109, 413 A.2d 1037 (1980); *Chapman v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984). Our review of the record satisfies us that the Department's findings are supported by substantial evidence.

Findings 6, 14, and 15 are amply supported by the testimony of St. Edmond's executive vice president who testified extensively regarding his familiarity with the proposed service area and the extent of business St. Edmond's presently enjoys from that area. It is also undisputed that twenty-five percent of St. Edmond's current deposits and more than twelve percent of its current outstanding mortgages come from the proposed service area. PSA's challenge to finding 12 is amply explained by the Department. While it concedes an exhibit submitted by St. Edmond's showed twenty-two "financial institutions" in the proposed service area, one of those institutions was actually outside of the area, one was the executive office of PSA which PSA admitted was not operated as a branch and the remaining three were consumer discount companies which are neither

"banks" nor "savings associations." Accordingly, finding twelve is supported by substantial evidence.

In addition to attacking the evidentiary support for findings 16 through 18, PSA also challenges them as conclusions of law. The essence of those findings is the Department's determination that the opening of St. Edmond's proposed branch will not result in an "overbanked" condition, aid St. Edmond's and its customers, and will not have an adverse effect on the other financial institutions. The Department found that 86,051 individuals live in the proposed service area, that the area is economically stable and residential activity is growing. It was entitled to accept St. Edmond's evidence and reject PSA's evidence that the area is in a state of decline. The Department's finding that the area is not nor will be "overbanked" if St. Edmond's is permitted to open its proposed branch is likewise supported by the evidence. Pennsylvania appellate courts have long recognized the special competence and expertise of the Department in banking matters and of the judiciary's deference to that expertise so long as the Department's conclusions are supported by the evidence. *See e.g. Blairsville National Bank v. Myers*, 409 Pa. 526, 187 A.2d 655 (1963); *Dauphin Deposit Trust Company v. Myers*, 401 Pa. 230, 164 A.2d 86 (1960); *Farmers Bank of Kutztown v. Department of Banking*, 17 Pa. Commonwealth Ct. 454, 333 A.2d 255 (1975). As the challenged findings are supported by substantial evidence contained in the record, as well as a product of the Department's recognized specialized expertise in the area of banking, they will not be disturbed.

We now turn to PSA's second contention which is that the Department abused its discretion in approving St. Edmond's application. The main thrust of this contention is that the Department failed to adequately consider the risks to St. Edmond's depositors in allowing St. Edmond's to invest the necessary monies to con-

struct and operate the proposed branch. As such, PSA contends, the Department's adjudication runs afoul of Section 103(a)(2) of the Savings Association Code of 1967 (Code), Act of December 14, 1967, P.L. 746, *as amended,* 7 P.S. §6020-3(a)(2). Section 103(a)(2) states that one of the purposes of the Code is the conservation of savings associations' assets.

In *Miller,* we noted that the General Assembly intended that the Department act with flexibility in exercising its administrative discretion in response to changing economic conditions. 87 Pa. Commonwealth Ct. at 580, 487 A.2d at 1061. We have also held that an administrative agency abuses its discretion only where the adjudication is unsupported by substantial evidence. *See Appeal of Mutual Supply Co.,* 366 Pa. 424, 77 A.2d 612 (1951); *Pennsylvania Insurance Department v. Johnson,* 211 Pa. Superior Ct. 138, 238 A.2d 23 (1967), *aff'd,* 432 Pa. 543, 248 A.2d 308 (1968), *cert. denied, Johnson v. Pennsylvania Insurance Department,* 394 U.S. 1003 (1969). As we have already determined the Department's adjudication is supported by substantial evidence, specifically its findings relating to the financial condition and management of St. Edmond's and the positive impact the proposed branch will have upon it and its depositors, we must reject PSA's contention that its approval of St. Edmond's application was an abuse of discretion or in conflict with the provisions of the Code.

We now turn to PSA's final argument which is that the Department abused its discretion when it refused to permit PSA to orally examine its examiner who prepared the Branch Application Investigatory Report. The first time PSA requested that the Department examiner be made available for oral examination was at the November 18, 1985, hearing. The Department regulations, specifically 10 Pa. Code §3.10, require that parties submit the names and addresses of proposed

witnesses and expert reports at least five days prior to the prehearing conference. Section 3.10(e) states that the failure to make a disclosure at the prehearing conference may require exclusion of evidence. Here, PSA attended the prehearing conference and had in its possession a copy of the investigation report. At no time did PSA request the Department to make its examiner available for oral examination at the hearing nor was the examiner listed as a potential witness. The Department properly exercised its discretion under 10 Pa. Code §3.10(e) and denied PSA's request. The denial of that request in no way deprived PSA of an ample opportunity to be heard and its reliance upon *Byers v. Pennsylvania Public Utility Commission,* 176 Pa. Superior Ct. 620, 109 A.2d 232 (1954), is misplaced since its request to orally examine the Department's examiner was clearly untimely. The Department also properly denied PSA a continuance to procure the presence of the examiner. The power to grant or deny a continuance is an inherent power of an administrative agency and is not reviewable absent a clear abuse of discretion. *O'Hara v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 356, 487 A.2d 90 (1985). The chief consideration in reviewing such a discretionary act is whether the grant or denial was in the furtherance of justice. *Cotter v. State Civil Service Commission,* 6 Pa. Commonwealth Ct. 498, 297 A.2d 176 (1972). PSA had ample opportunity prior to the hearing to request the presence of the examiner and failed to do so. Additionally, St. Edmond's was entitled to a prompt disposition of its application, which would have been disposed of within sixty days had it not been for PSA's protest. *See* Section 404(c) of the Code, 7 P.S. §6020-54(c). Further delays would have been detrimental to it. Thus, the Department acted properly.

Having disposed of PSA's contentions in favor of the Department, we shall affirm the Secretary's order and adjudication approving St. Edmond's application for a Letter of Authority to establish a branch office.

ORDER

NOW, April 6, 1987, the Order of the Secretary of Banking at Docket No. 85-007, dated March 13, 1986, that approved the application of St. Edmond's Savings and Loan Association for a Letter of Authority to establish a branch office, is hereby affirmed. The stay of proceedings granted by this Court on July 18, 1986, is hereby dissolved.