140

561 A.2d 64

**Edward J. TAYLOR, Petitioner,**

v.

**Constance B. FOSTER, Insurance Commissioner of the Commonwealth of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 7, 1989.

Decided June 28, 1989.

Foster A. Stewart, Pittsburgh, for petitioner.

Jean M. Callihan, Asst. Counsel, Theodie L. Peterson, III, Chief of Litigation Linda J. Wells, Chief Counsel, Insurance Dept., Harrisburg, for respondent.

Before CRUMLISH, Jr., President Judge, COLINS, J., and F. BARBIERI, Senior Judge.

COLINS, Judge.

Edward J. Taylor (Taylor) petitions for review of an order and adjudication of Constance B. Foster, Insurance Commissioner of the Commonwealth of Pennsylvania (Commissioner) dated March 28, 1988.[1]

The Commissioner found the following facts to be true. Taylor is a licensed insurance agent doing business as E.J. Taylor & Associates. During 1978, Taylor acquired Greensburg X–Ray Associates (Greensburg) as a client, handling their pension and profit sharing plan. From 1978 to mid–1984, Taylor, under authority of Greensburg, invested monies collected from Greensburg in flexible annuity plans with various companies, including Fortune National Life Insurance Company (Fortune). However, between 1984 and 1986, Taylor without knowledge or consent of Greensburg, wrongfully diverted nearly two million dollars of its funds from Fortune to real estate development corporations in which Taylor had a financial interest. Taylor accomplished this by superimposing the signatures of either Walter D. Foster or John F. Wilson, both trustees of Greensburg, on to the withdrawal requests directing Fortune to transfer

1. Taylor's appeal deals solely with the issue of the presiding officer's denial of his request for a continuance at the November 4, 1987 hearing, which is part and parcel of the March 28, 1988 order. Taylor raises no issue with respect to the merits.

monies to the unauthorized accounts. Taylor further concealed his wrongful activity by submitting financial reports to Greensburg falsely indicating that the funds received from Greensburg were properly deposited in the Fortune account.

The Commissioner issued an order to show cause against Taylor on July 31, 1987, charging him with numerous serious violations of the insurance laws based on his improper diversion of Greensburg's money. A hearing was scheduled for November 4, 1987 to be held in Pittsburgh. On October 26, 1987, a prehearing conference was held in Harrisburg at which time Taylor's counsel advised him that it intended to withdraw if certain attorney/client matters were not resolved. Specifically, if they did not receive a $5,000 retainer by Friday, October 30, 1987, they would withdraw from the case. Taylor failed to pay the retainer and, on November 2, 1987, counsel filed a motion to withdraw which was granted by the Commissioner the same day.

Taylor failed to secure new counsel and did not inform the Insurance Department Hearing Officer of the situation until 9:30 P.M. November 3, 1987, the night before the scheduled hearing. Further, he waited until the start of the hearing on November 4, 1987 to request a continuance to provide him with additional time to raise funds to obtain new counsel and prepare his case. The presiding officer objected to Taylor's request, asserting that he had an opportunity to request a continuance days before the hearing and that several witnesses traveled considerable distances to be at the Pittsburgh hearing.[2] Taylor's request was denied and the hearing commenced. Taylor presented no evidence on his behalf and asked few questions when given the opportunity to cross examine the Insurance Department's witnesses.

2. PRESIDING OFFICER: "Clearly, as early as last Friday you had information to date that you would not be represented here today, and you could have done something at that time and spared everyone all of this inconvenience and expense to travel here and continued preparations for this hearing." (Notes of Testimony at 9.)

The Commissioner in her order and adjudication dated March 28, 1988, concluded that the presiding officer did not abuse his discretion by denying petitioner's eleventh hour request to continue the hearing. She stated in her discussion:

[a]lthough the Commissioner is reluctant to proceed in these instances where an individual charged with violations of insurance laws has been unable to retain counsel, the hearing process cannot be held hostage to that individual's financial distress. To do so would allow agents to indefinitely delay revocation proceedings while retaining their agent's license.

The Commissioner found Taylor guilty of violating several insurance laws by his intentional misconduct, such that would disqualify an agent from the initial issuance of a license under Section 603 of the Insurance Department Act of 1921, Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. § 233; the issuance of false financial reports by an agent to his client in violation of Section 5(a)(1)(iv) and 5(a)(2) of the Unfair Insurance Practices Act, Act of July 22, 1974, P.L. 589, *as amended,* 40 P.S. §§ 1171.5(a)(1)(iv) and 1171.5(a)(2); unauthorized withdrawals of funds belonging to Greensburg from its account with Fortune and the conversion of the funds to his own use which constitutes larceny by an agent in violation of Section 633 of the Insurance Department Act of 1921, 40 P.S. § 273; and, commingling of funds received by him as an agent with other funds held by him in violation of Section 633.1 of the Insurance Department Act of 1921, 40 P.S. § 273.1 and 31 Pa.Code § 31.31.

The Commissioner ordered all insurance licenses held by Taylor and/or E.J. Taylor & Associates revoked and assessed civil penalties against Taylor totaling $60,000 to be paid no later than thirty days from the date of the order to the Commonwealth of Pennsylvania. Taylor petitioned for reconsideration which was denied by the Commissioner by order dated April 15, 1988. Taylor then submitted application for administrative relief requesting postponement of payment of the fine pending his appeal before this Court.

The Commissioner, by order dated June 2, 1988, granted Taylor's application for a stay of the imposition of civil penalties only, stating that in all other respects the March 28, 1988 order remains in full force and effect.

Taylor argues that the presiding officer at the November 4, 1987 hearing erred in denying him a continuance. Preliminarily, we note that the decision to grant or deny a request for a continuance is within the discretion of the hearing officer. *Lee v. Department of Public Welfare*, 105 Pa.Commonwealth Ct. 211, 523 A.2d 1188 (1987). This Court's review of that decision is limited to determining whether or not the hearing officer abused his discretion in doing so. *Id.*

In reviewing a denial of continuance, this Court has considered factors such as whether the rights of one of the parties were prejudiced or whether the interest of justice had been furthered. For instance, in *Cotter v. State Civil Service Commission*, 6 Pa.Commonwealth Ct. 498, 297 A.2d 176 (1972), this Court held that the denial of a continuance was an abuse of discretion because the denial was not in the interests of justice. *Cotter* is distinguishable from the instant matter since there a hardship clearly existed on the part of the party seeking the continuance. Specifically, appellant there was forced to choose between testifying at the Commission hearing or retaining his privilege against self-incrimination at a concurrent criminal proceeding.

Also, in *Kaplan v. State Civil Service Commission*, 13 Pa.Commonwealth Ct. 29, 317 A.2d 683 (1974), this Court stated:

> [a]lthough we are of the opinion that an unrepresented party is generally at a disadvantage, we find that the Commission's refusal to grant Mrs. Kaplan a continuance, taking into consideration the fact that Mrs. Kaplan had been given ample time to obtain counsel and that her predicament resulted from the fact that she did not do so

until less than a week before the hearing, was not a clear abuse of discretion.

*Id.,* 13 Pa.Commonwealth Ct. at 32, 317 A.2d at 685.

■ Taylor was put on notice of the serious pending charges against him and of his right to counsel via his receipt of the order to show cause on August 6, 1987. Ten days prior to the hearing, Taylor was aware of problems affecting his relationship with counsel and knew when he failed to meet counsel's demand for a retainer on October 30th that counsel intended to withdraw. Yet, he waited to inform the hearing officer of his problem until late in the evening the night before the hearing and waited to request a continuance until the commencement of the hearing. At that time he stated that considering the magnitude of the problem now, he felt he would be able to raise the funds to pay counsel and wished to have counsel represent him at the hearing. The requested continuance was for an indefinite period in order that he would be able to raise funds, find counsel to handle all the pending actions[3] and inform counsel of the details and intricate network of his financial and real estate dealings.

This Court has held that due process standards do not guarantee an individual a right to a continuance even for good cause if he fails to request it in a timely fashion or in a manner consistent with reasonable procedural rules. *Steadwell v. Unemployment Compensation Board of Review,* 76 Pa.Commonwealth Ct. 439, 463 A.2d 1298 (1983). In *Steadwell,* claimant's counsel requested a continuance at 5:00 P.M. on the last business day before the hearing.

In the instant case, the Insurance Department had subpoenaed several witnesses, including two doctors, who had made special arrangements to attend the hearing. The presiding officer, department counsel and one witness traveled from Harrisburg to Pittsburgh for the hearing (approx-

---

**3.** Taylor stated at the November 4th hearing that he was also involved in civil litigation with Greensburg over the loss of its savings, but had not yet retained counsel in that action due to "similar problems". He indicated he wanted to retain one attorney to represent him in both matters.

imately 200 miles); one witness traveled from Derry (approximately 90 miles); and three traveled from Greensburg (approximately 45 miles).

Based on the foregoing, we agree with the Commissioner's conclusion that the presiding officer at the November 4, 1987 hearing did not abuse his discretion by denying Taylor's request for a continuance. Accordingly, we affirm.

## ORDER

AND NOW, this 28th day of June, 1989, the Insurance Commissioner's Order and Adjudication in the above-captioned matter, dated March 28, 1988, is affirmed.