Cleo Phillips-Farmer and Workmen's Compensation Appeal Board *v.* John Wanamaker-Philadelphia, Appellant.

Argued February 3, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Lawrence L. Robinson,* with him *Joseph R. Thompson,* for appellants.

*Richard J. Harcar,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, February 24, 1977:

Claimant was injured on April 21,[1] 1972, and received workmen's compensation benefits for the period of her original disability and during a subsequent relapse. Claimant returned to work on January 9, 1973, as a buyer's clerk and signed a final receipt. Her position was terminated on June 22, 1973, due to computerization. On February 1, 1974, she filed a petition for reinstatement of benefits, alleging a recurrence of the disability. After a hearing at which conflicting medical evidence was presented, the referee found that the disability recurred on May 2, 1974, and awarded additional compensation. The referee's order was affirmed by the Workmen's Compensation Appeal Board and this appeal followed. We affirm.

Appellant first contends that the referee's findings evidence a misunderstanding of the medical testimony

---

[1] The stipulation filed fixes the date to be April 20th, but the findings fix the date as the 21st.

and that the case should be remanded for further findings of fact. The contested findings read:

2. Claimant's disability as a result of the injury to her of April 21, 1972 again became disabling as of May 2, 1974 when examination showed that she, in addition to having become apprehensive concerning her physical problems, still demonstrated palpable spasm in the left suprascupular area, tenderness in the interval between the 5th and 6th cervical vertebrae indicating a post traumatic degenerative arthritis following an acute sprain of the cervical spine, with a possibility of disc involvement and a conversion neurosis.

3. Since May 2, 1974 and up to the present, claimant has become and remains totally disabled and her said total disability will extend into the future.

A careful review of the testimony of both Dr. Clark and Dr. Spencer leaves no doubt that more than substantial evidence exists to support each of the symptoms listed in finding number 2. There is also substantial evidence in the record to support a finding of total disability. Appellant argues, however, that the referee's use of May 2, 1974, as the date of disability shows a confusion as to who testified as to what because on that date claimant was examined by Dr. Spencer who testified that claimant was only partially disabled. We disagree.

Dr. Clark, who found claimant totally disabled, examined and x-rayed her on May 1, 1974, just one day before Dr. Spencer. The record shows that the referee weighted and utilized the testimony of each doctor in reaching his conclusion. Therefore, using the date of the last of the two examinations as the date the disability recurred is not error.

The question is also raised whether the referee erred in refusing to grant appellant's request for a continuance to enable the appellant to refute claimant's testimony concerning the physical requirements of her former position. ''The power to grant or refuse a continuance is an inherent power of a court or administrative agency which is ordinarily discretionary and subject to review only on a clear showing of an abuse of discretion.'' *Rabenstein v. State Workmen's Insurance Fund*, 15 Pa. Commonwealth Ct. 160, 166, 325 A.2d 681, 684 (1974). Here, each party had ample opportunity to present its case and the damaging testimony sought to be refuted was extracted by appellant's own counsel who called the claimant as his own witness as if on cross-examination, after a continuance at appellant's request. There was no abuse of discretion in refusing another continuance.

Accordingly, we will enter the following

ORDER

Now, February 24, 1977, the order of the Workmen's Compensation Appeal Board, dated May 6, 1976, numbered A-70384, is affirmed.