Howard T. Clark, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Jack F. Best, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Joseph A. Palmer, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued November 4, 1977, before Judges CRUM-LISH, JR. and BLATT, sitting as a panel of two.

*William R. Strong,* for petitioners.

*Frank A. Fisher, Jr.,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., April 26, 1978:

The refusal of the Pennsylvania Civil Service Commission (Commission) to grant a motion for continuance on behalf of Petitioners, Jack F. Best, Howard T. Clark and Joseph A. Palmer, is the subject of this appeal.[1]

On February 2, 1976, the Department of Transportation (Respondent) notified each Petitioner of his impending furlough from the department. In response to that notice, Petitioners engaged the services of Ralph L. S. Montana, Esquire (Montana), on February 4, 1976, who, on behalf of each Petitioner, filed an appeal with the Commission. On February 23, 1976, the. Commission notified Montana that a hear-

---

. . [1] Each Petitioner's appeal was consolidated under Rule 513 of the Pennsylvania Rules of Appellate Procedure.

ing on each appeal would be held on March 10, 1976. Knowing of his engagement in a criminal trial on that date, Montana sent a certified letter to the Commission, dated February 26, 1976, on behalf of Petitioners Best and Clark, requesting a continuance. The letter was delivered on March 1, 1976. No reply was made.

On March 4, 1976, Montana telephoned the Commission to determine the status of his request and was informed that the request was denied. No reason for the denial was given. Montana then referred the matter to William R. Strong, Esquire (Strong), who met with Petitioners on Friday, March 5, 1976. Strong immediately telephoned the Commission to request a continuance explaining that he needed time to interview witnesses and subpoena documents. The request was denied. Strong renewed his request at the hearing and it was again denied. Hearing Examiner, John A. M. McCarthy, made the following statement in denying the request:

> We think all these people have had ample opportunity to engage counsel.

> You can't just keep shifting attorneys at the eleventh hour and then some new lawyer comes in and asks for a continuance because he hasn't had enough time.

*See* Reproduced Record at p. 9(a).

At the hearing Petitioners refused to answer any questions going to the merits, explaining that they were not prepared. The Commission, however, took testimony from Respondent and concluded that Petitioners were properly furloughed under Section 802 of the Civil Service Act.[2]

Petitioners now bring their appeal to us.

---

[2] Act of August 27, 1963, P.L. 1257, *as amended*, 71 P.S. §741. 802.

It is Petitioners' contention that the Commission abused its discretion in refusing to grant a continuance in the instant case. In relying on *Nerkowski v. Yellow Cab Co. of Pittsburgh*, 436 Pa. 306, 259 A.2d 171 (1969), they argue that the refusal of a continuance because of the absence of counsel is an abuse of discretion when counsel is actually engaged in another court.

Respondent answered by stating that refusal of the request was clearly within the Commission's discretion and founded upon sound reasoning.

Although we concede that the Commission has broad discretionary powers in granting or denying requests for continuances,[3] we believe that the Commission here failed to exercise that discretion in a proper and just manner. We therefore reverse.

Due to a prior commitment to represent another client in a criminal proceeding, Montana was unable to appear before the Commission on the scheduled hearing date and made a good faith attempt to obtain a continuance. Either through ineptness or inadvertence the Commission failed to acknowledge the request. Only because of his diligence did he become aware of the Commission's denial. The failure of the Commission to respond within a reasonable time necessitated Montana's withdrawal and precluded his successor, Strong, from properly preparing Petitioners' case. The Commission's ineptness and Hearing Examiner McCarthy's reasoning evinces a disregard of Petitioner's rights and a dearth of understanding of the purpose of the administrative process.

Accordingly, we

---

[3] *See Benford v. Real Estate Commission*, 8 Pa. Commonwealth Ct. 89, 300 A.2d 922 (1973).

ORDER

AND Now, this 26th day of April, 1978, the decision of the Pennsylvania Civil Service Commission is reversed and the case is remanded to the Commission for a full hearing on the merits.