William H. Replogle, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued April 8, 1981, before President Judge CRUMLISH and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Alan R. Krier, Jubelirer, Carothers, Krier, Halpern & Smith,* for petitioner.

*Louis G. Cocheres,* Assistant Attorney General, with him *Frank Fisher,* Assistant Attorney General, and *Ward T. Williams,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, June 24, 1981:

The petitioner, William H. Replogle, challenges a decision of the State Civil Service Commission (Commission) which upheld his furlough by the Department of Transportation (Department).

On June 30, 1978, the petitioner was furloughed by the Department from his position as a civil engineer, and he filed a timely appeal of that action to the Commission on July 5, 1978. By letter dated May 30, 1979, the Commission notified the petitioner that a hearing on his appeal was scheduled for June 11, 1979. He immediately contacted his attorney, but was informed that the attorney was unavailable due to prior commitments on the local criminal court calendar, and he was then referred to another attorney. The second attorney, who is counsel in this appeal, was also unable to attend the June 11 hearing due to previously scheduled hearings for other clients, but he contacted the Commission by telephone on June 8, seeking a continuance, which was denied. The petitioner, himself, appeared and testified before the Commission without counsel. His attorney made a timely request for a rehearing, and this request was denied, the Commission upholding the Department's furlough. This appeal was then filed.

The petitioner contends here that the Commission abused its discretion when it failed to allow a continuance in the hearing in this matter. We must agree.

It is generally true, of course, that the power to grant or to refuse a request for a continuance is a mat-

ter for the discretion of the Commission and that this Court will reverse a denial of such a request only upon a showing that there has been an abuse of that discretion. *Kaplan v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 29, 317 A.2d 683 (1974). The chief considerations in determining the existence of such abuse of discretion are whether or not the grant or refusal of the continuance would be in furtherance of justice and whether or not a refusal would prejudice the rights of one of the parties. *Kaplan v. State Civil Service Commission, supra.*

In *Kaplan* and in *Henley v. State Civil Service Commission,* 39 Pa. Commonwealth Ct. 286, 395 A.2d 330 (1978), we upheld the Commission's refusal to grant a continuance because in both of those cases the petitioners' attorneys either were unable to attend or were unprepared for the hearings due solely to the delay of the petitioners themselves in seeking counsel.

The present case is significantly different in that the petitioner here did all that he could to secure counsel but he was unable to do so because of circumstances over which he had no control. The record indicates that, after filing a timely appeal in July of 1978, he first contacted an attorney in October of that year. He was not notified of a hearing, however, until on or after May 30, 1979, at which time he received an announcement that a hearing on the matter was scheduled for June 11, 1979. This was a date on which his attorney had other commitments which he was unable to rearrange on such short notice. Nevertheless, the petitioner zealously sought other counsel who, unfortunately, also was unavailable on the date of the hearing, but who did request a continuance. We believe that the petitioner here, unlike the petitioners in *Kaplan* and *Henley,* was diligent in his attempts to obtain counsel and that his failure to do so was attributable to no fault of his own, but to the lateness of

the Commission's notification as to the date of the hearing and the unfortunate schedule conflicts of the two attorneys whose help he sought. *See Clark v. Department of Transportation,* 35 Pa. Commonwealth Ct. 87, 384 A.2d 1363 (1978).

We believe that, in the interests of justice, the petitioner was entitled to a continuance in order to secure the presence of counsel at his hearing and that the Commission abused its discretion by failing to grant his request under these circumstances. We will, therefore, remand this case for another hearing.[1]

ORDER

AND Now, this 24th day of June, 1981, the order of the State Civil Service Commission in the above-captioned matter is reversed and remanded for a new hearing in conformance with the foregoing opinion.

---

[1] Inasmuch as we have determined that the petitioner is entitled to a new hearing, we need not address his substantive challenges to his furlough by the Department.