523 A.2d 1188

William D. Lee and William D. Lee t/d/b/a Denver Nursing Home, Petitioners *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs April 11, 1986, to Judges BARRY and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Gilbert B. Abramson, Abramson, Cogan, Kogan, Freedman & Blackman, P.C.,* for petitioner.

*Bruce G. Baron,* Assistant Counsel, for respondent.

OPINION BY JUDGE BLATT, February 20, 1987:

William D. Lee (Lee), on his own behalf, and on behalf of the Denver Nursing Home, Inc. (Home) (jointly, the petitioners), which Mr. Lee owned and administered during the period of time involved in this matter, the fiscal years ending in 1977 through 1981,[1] petitions for review of the March 15, 1985 order of the Director of the Office of Hearings and Appeals (Director) of the Department of Public Welfare (DPW), which adopted, in its entirety, a Recommendation by a DPW Hearing Officer (Hearing Officer).[2]

---

[1] According to the record herein, the audit appeal numbers for the various involved years are as follows:

1977—23-80-173
1978—23-80-174
1979—23-83-283
1980—23-83-284
1981—23-83-286
1982—23-83-285

Due to a change in ownership of the Home, a final audit for all prior years of Mr. Lee's ownership from 1976, the first year of the cost-related reimbursement system, through the date on which ownership was transferred, December 29, 1982, was performed by DPW. This audit was also appealed and received 23-83-314 as an administrative appeal number. These audit appeals were consolidated before the Hearing Officer.

[2] The Hearing Officer's Recommendation contained the following:

1. The record as to file numbers 23-80-173 and 23-80-174 be considered closed and the [Home] should be directed to file its brief in support of its appeals by no later than April 8, 1985. The [DPW] Office of Legal Counsel shall file its brief 20 days thereafter;

The relevant events leading to the Hearing Officer's Recommendation present the following scenario. The Hearing Officer had scheduled a hearing in this matter for November 15, 1984 with due notice to the petitioners and to DPW. On November 14, 1984, Robert E. Giering, the attorney, who, up to that time, had been representing the petitioners before the administrative authorities,[3] notified the Hearing Officer and counsel for DPW that he had been dismissed as counsel for the petitioners as of that date. No motion for a continuance was filed by the petitioners, then or later, with the Hearing Officer.

Despite his notification of dismissal, Attorney Giering attended the hearing, which the Hearing Officer convened at the scheduled place and time. At the hearing, Attorney Giering, while again noting that he no longer represented the petitioners, requested a continu-

---

2. The appeal at file number 23-83-286 be sustained to the extent it challenged audit adjustment # 1 in the amount of $350.00 as to pharmacy consultant costs, and be otherwise dismissed for lack of prosecution; and

3. The appeals at file numbers 23-83-283, 23-83-284, 23-83-285 and 23-83-314 be dismissed for lack of prosecution.

By order of this Court, dated May 30, 1985, DPW's motion to quash in part was granted, thereby severing audit appeal numbers 23-80-173 and 23-80-174 from the petition for review on the ground that the Director's March 15, 1985 order in regard to those appeal numbers was not a final order. Accordingly, we will restrict our review to the legality of the Director's order with regard to appeal numbers: 23-83-283, 23-83-284, 23-83-285, 23-83-286 and 23-83-314.

[3] According to the record in this case, Attorney Giering was preceded in his representation of the petitioners before the administrative authorities by several lawyers. And our docket indicates that the petitioners' original counsel before us withdrew and was replaced by another lawyer during the pendency of the petition for review.

ance so as to allow the petitioners' new attorney, who was not named for the record, an opportunity to familiarize himself with the case. Mr. Lee did not appear at the hearing, nor did he or any other representative of the petitioners request a continuance. The Hearing Officer denied Attorney Giering's "request" for a continuance, and, upon DPW's motion, issued the dismissal order which is at issue here.

On review, the petitioners, while conceding that the decision to grant or deny a continuance is within the discretion of the Hearing Officer, *O'Hara v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 356, 487 A.2d 90 (1985), and that our review thereof is limited to determining whether or not the Hearing Officer abused that discretion in so doing *id.,* contend that the denial of a continuance under the circumstances here did constitute such an abuse of discretion. We cannot agree.

Initially, we note that it is, at best, questionable that Attorney Giering's request for a continuance on behalf of the petitioners, coming as it did, after his dismissal as their lawyer, can constitute a valid request by the petitioners. Assuming *arguendo* that it does, however, we have held in somewhat similar circumstances that such an untimely request, in the unemployment compensation context, may be properly refused even if founded on good cause. *Steadwell v. Unemployment Compensation Board of Review,* 76 Pa. Commonwealth Ct. 439, 463 A.2d 1298 (1983). Accordingly, we find no abuse of the Hearing Officer's discretion by his refusal to grant a continuance under the present circumstances.

The petitioners also contend that the Hearing Officer abused his discretion by dismissing the involved appeals without considering their merits and that the dismissal was premised on invalid and inadequate findings of fact. Again, we disagree.

The petitioners bore the burden of proof before the Hearing Officer, *see Mead Nursing Home v. Department of Public Welfare,* 59 Pa. Commonwealth Ct. 539, 430 A.2d 379 (1981), and by virtue of their non-appearance, failed to present any evidence to support their challenges as to the audit appeals which are presently before us,[4] *cf. Frankford Hospital v. Department of Public Welfare,* 77 Pa. Commonwealth Ct. 448, 466 A.2d 260 (1983). The petitioners, therefore, must be held to have failed to carry their burden, thus rendering the dismissal proper.

Accordingly, finding no abuses of discretion on the part of the administrative authorities, we will affirm the Director's order of March 15, 1985.

ORDER

AND NOW, this 20th day of February, 1987, the order of the Director of the Office of Hearings and Appeals of the Department of Public Welfare, dated March 15, 1985, in the above-captioned matter is affirmed.

---

[4] Counsel for DPW conceded that, with regard to appeal number 23-83-286, the $350.00 pharmacy consulting cost was properly payable to the petitioners.