532 A.2d 72

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* John McCrea, III, Appellee.

Submitted on briefs February 2, 1987, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Harold H. Cramer*, with him, *Lawrence R. Wieder*, Assistant Counsel, *Henry G. Barr*, General Counsel, *Spencer A. Manthorpe*, Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE DOYLE, October 15, 1987:

The Department of Transportation, Bureau of Traffic Safety (Department) appeals from an order of the Court of Common Pleas of Cumberland County that reversed a suspension of the operating privileges of John McCrea III (Licensee) pursuant to Section 1533 of the Vehicle Code (Code)[1] for failure to respond to a citation. We affirm.[2]

On October 28, 1985, the Department mailed Licensee a notice suspending his operator's license effective November 18, 1985 for his alleged failure to respond to a citation issued by a district justice. At a hearing before the trial court, Licensee contended that his suspension was improper inasmuch as he never received notice of the underlying citation. The court of common pleas reversed the suspension of Licensee's operating privileges, holding that, because the Department failed to prove that Licensee had *ever* received notice of the underlying citation, the suspension pursuant to Section 1533 of the Code could not be sustained.

---

[1] 75 Pa. C. S. §1533.

[2] This Court previously affirmed the trial court in an order entered June 2, 1987. By order dated August 6, 1987 we granted DOT's application for reconsideration and now proceed to re-examine our reasoning in the June 2 opinion.

We agree, but on slightly different principles than those relied upon by the trial court.

> Section 1533 of the Code provides in relevant part: The department shall suspend the operating privilege of any person who has failed to respond to a citation to appear before a court of competent jurisdiction of this Commonwealth or of any state for violation of this title, other than parking, *upon being duly notified in accordance with general rules*. There shall be 15 days to respond to such notification before suspension is imposed. . . .

75 Pa. C. S. §1533 (emphasis added).

It is obvious to us by the reference in this section of the Code to "such notification," that the notification referred to is *the Department's notice of the suspension,* and not the Commonwealth's notification of the underlying citation in accordance with the Rules of Criminal Procedure as the trial court held. Nevertheless, the Department is required, before suspending someone's operating privileges, to show that the licensee was actually notified of the citation and failed to respond.

In the instant case, the Department attempts to rely on a certification from a district justice that states that a citation was issued and sent to Licensee, *but was returned unclaimed*. This does not satisfy the Department's burden of showing that Licensee received notice or was notified of the underlying citation. Had the certification from the district justice stated that Licensee in fact was notified of the citation but failed to respond, then the Department would have met its burden of proof under Section 1533. As this was not the case, however, we have no choice but to conclude, as did the trial court, that the suspension was improper.

The Department in its brief (p. 6) argues that, in order to sustain a suspension under Section 1533, it

must "prove [(a)] that an operator failed to respond to a citation, [and (b)] was 'duly notified in accordance with general rules' of that fact and no response was forthcoming within 15 days of such notice." We agree that this is an accurate statement of the Department's burden; but what the Department then does is completely confuse and overlook the fact that there are *two* elements of proof in its own statement.

The Department argues that it has proven "its case" by the submission of the certification from the district justice that states that notice of the underlying citation was sent to Licensee and was "returned unclaimed." As noted by the trial court, the Department did not produce any witnesses or other evidence to show that Licensee had received notice of the citation from the district justice, and in fact stipulated that it could not prove that he received it. Proof that Licensee was notified of the citation is a distinct requirement under Section 1533, and the Department has simply failed to prove this requirement.

Affirmed.

### ORDER

Now, October 15, 1987, the order of the Court of Common Pleas, No. 3431 Civil 1985 dated January 14, 1986, is affirmed.