552 A.2d 1160

Denver Nursing Home, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Denver Nursing Home, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 16, 1988, before Judges COLINS and SMITH, and Senior Judge KALISH, sitting as a panel of three.

*Gilbert B. Abramson*, with him, *Michael B. Tolcott, Abramson, Cogan, Kogan, Freedman & Thall, P.C.*, for petitioner.

*Bruce G. Baron*, Assistant Counsel, for respondent.

OPINION BY JUDGE SMITH, January 25, 1989:

Petitioner Denver Nursing Home appeals from a July 24, 1987 order of the Director of the Office of Hearings and Appeals, Department of Public Welfare (DPW), which denied Petitioner's appeal of DPW's audit findings for fiscal years ending September 30, 1977 and September 30, 1978. Petitioner also appeals from the September 29, 1987 order of the Secretary of DPW which denied reconsideration of the July 24, 1987 order. Both appeals have been consolidated for disposition by this Court.

Questions involved for review are whether DPW abused its discretion or committed an error of law in disregarding evidence of Petitioner's reimbursable expenses, destruction of invoices and efforts to reconstruct documentation for the years audited, as well as expert testimony that evidence presented was sufficient to support reimbursement.

After hearings[1] held on Petitioner's appeal from DPW audits conducted for the fiscal years ending Sep-

---

[1] Hearings were held on July 9, 1982, September 28, 1982, December 16, 1982 and November 15, 1984 in audit appeal numbers

tember 30, 1977 and September 30, 1978, the hearing officer concluded that Petitioner failed to demonstrate entitlement to its claim for reimbursement of costs in the amounts of $86,823.74 for 1977 and $38,430.79 for 1978.[2] By order dated July 24, 1987, the Director of the Office of Hearings and Appeals adopted the recommendation of the hearing officer who found that at the September 28, 1982 hearing, Petitioner failed to have admitted into the evidence exhibits which were marked as A-8 through A-39 and that the exhibits marked during testimony of Petitioner's expert witness on December 16, 1982 were likewise never admitted into the evidence. The exhibits formed the basis of Petitioner's case. The hearing officer limited the issues at hearing to a disallowance of depreciation and disallowances of certain costs due to lack of documentation. Petitioner only challenges in this appeal the disallowances of certain costs due to lack of documentation.

Petitioner presented evidence to establish that its invoices for the years 1977 and 1978 were destroyed by water from a sewer backup in early 1979, and when employees discovered the soaked boxes in which invoices were contained, the boxes were thrown out without

---

23-80-173 (1977); 23-80-174 (1978); 23-83-283 (1979); 23-83-284 (1980); 23-83-285 (1981); and 23-83-314 (1982). Pursuant to a March 15, 1985 order of the Director of the Office of Hearings and Appeals, the hearing officer's recommendation was adopted to close the record in audit appeal numbers 23-80-173 (1977) and 23-80-174 (1978) and to dismiss for lack of prosecution the audit appeals for 1979 through 1982. Petitioner was directed to file a brief in support of audit appeals for 1977 and 1978 but failed to do so. Petitioner appealed the order to this Court which affirmed DPW in *Lee v. Department of Public Welfare,* 105 Pa. Commonwealth Ct. 211, 523 A.2d 1188 (1987).

[2] Subsequent to the filing of Petitioner's appeals on July 11, 1980, the parties settled a portion of Petitioner's claims which were reduced to $45,661.79 for 1977 and $31,201.32 for 1978.

checking the contents. N.T., pp. 20-23, Hearing of July 9, 1982. Cancelled checks were maintained separately and were preserved. Petitioner contends that it either provided cancelled checks or copies of vendor invoices which were presented as evidence at hearing to substantiate its claims for reimbursement of various items of expenditure including food products, utility service, nursing supplies and many others. Petitioner also presented other available evidence of expenditures including letters from vendors substantiating that payments were made by them for services during the subject years. Petitioner's expert witness, a certified public accountant previously employed as Director of the Bureau of Audits for DPW, testified that it was a practice of his bureau to accept cancelled checks as documentation of an expenditure to support reimbursement, that invoices were not always required, and that due to the destruction of Petitioner's invoices, the evidence presented was sufficient documentation of the questioned expenses. Petitioner argues that its evidence was overwhelming and that the hearing officer's disregard of this evidence amounted to an arbitrary and capricious disregard of the evidence.[3]

Another contention advanced by Petitioner is that since the cancelled checks, invoices and letters from vendors were previously submitted to DPW, it was error to deny reimbursement for lack of documentation on the basis that such evidence was not introduced into the

---

[3] The scope of review to be applied here is limited to determining whether the findings of fact must be sustained unless they capriciously disregard competent evidence or are inconsistent with each other or with the conclusions of law or orders entered. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Commonwealth Ct. 436, 550 A.2d 1364 (1988). Petitioner was the only party to present evidence.

record at hearing. Counsel for Petitioner does not dispute that counsel omitted the process of introducing the relied upon exhibits into the record but urges that the omission was due to the discharge of its counsel prior to the November 15, 1984 hearing and denial of Petitioner's request for continuance. *See* Transcript of November 15, 1984 Hearing. Petitioner argues that an abuse of discretion was committed by the hearing officer in disregard of Petitioner's rights citing *Clark v. Department of Transportation,* 35 Pa. Commonwealth Ct. 87, 384 A.2d 1363 (1978). In *Clark,* this Court held that a denial of continuance to allow new counsel to familiarize himself or herself with the case constituted an abuse of discretion where the record indicated that despite a good faith attempt to secure a continuance, the agency failed to timely respond to the request and acted in disregard of the petitioner's rights. *Clark* is distinguishable from the facts of this case.

Petitioner's contention that it failed to offer the exhibits into the record because of the denial of continuance is disputed by the procedural and factual history. In Petitioner's appeal of the March 15, 1985 order in *Lee v. Department of Public Welfare,* 105 Pa. Commonwealth Ct. 211, 523 A.2d 1188 (1987), this Court held that the denial of a continuance was not an abuse of discretion where Petitioner's request for continuance occurred simultaneously with the discharge of its counsel one day prior to the November 15, 1984 scheduled hearing. The discharged attorney appeared at the hearing and again requested a continuance which was properly denied and the record closed. Petitioner failed to appear in person or through a representative to present evidence or to request a continuance of the hearing.[4] Consequently, the March 15, 1985 order of the Director of the Office of

---

[4] November 15, 1984 was the final hearing scheduled in Petitioner's appeal of DPW audits for the year 1977 through 1982.

Hearings and Appeals was affirmed to the extent that audit appeals for 1979 through 1982 were dismissed for lack of prosecution. The appeal was dismissed as to the non-final portion of the order with regard to the 1977 and 1978 audit appeals. Nonetheless, DPW argues that the denial of a continuance issue was not raised in Petitioner's request for reconsideration and therefore not preserved for review by this Court. *DeMarco v. Jones & Laughlin Steel Corp.*, 513 Pa. 526, 522 A.2d 26 (1987). A review of the request for reconsideration supports DPW's waiver argument. In any event, Petitioner had ample opportunity at the September 28, 1982 and December 16, 1982 hearings to formally introduce its exhibits into the record but failed to do so.

The hearing officer determined that because of Petitioner's failure to introduce any exhibits into the evidence, Petitioner's appeal must be denied for failure to provide documentation for its claims. Additionally, the hearing officer concluded that most of the costs discussed were not allowable in any event, and that those costs which could not be traced may not be allowed. The hearing officer relied upon DPW Manual Section III-B, 5 Pa. B. 2928-34 (1975), which provides as follows:

> Providers are required to maintain adequate financial records and statistical data for proper determination of costs payable under the program. The report is to be based on financial and statistical records maintained by the facility. Cost information must be current, accurate, and in sufficient detail to support the claim for cost reimbursement. This includes all ledgers, books, records, and original evidence of cost (purchase requisitions, purchase orders, vouchers, requisitions for supplies, inventories, time cards, payrolls, bases for apportioning costs, etc.) which pertain to the determination of reasonable costs, capable of being audited.

The hearing officer concluded that this case is governed by *Mountain Rest Nursing Home, Inc. v. Department of Public Welfare,* 73 Pa. Commonwealth Ct. 42, 457 A.2d 600 (1983). In *Mountain Rest,* however, this Court remanded the case back to DPW for an estimate of the cost basis of depreciable assets based upon existing records where the provider's records were destroyed in a fire through no fault of the provider. DPW argues here that invoices were discarded by Petitioner's employees without any attempt to preserve the records or to verify whether in fact the records were destroyed, and therefore, substantial evidence existed for the hearing examiner's determination that Petitioner failed to properly maintain records for audit and substantiation of claimed costs. DPW also contends that Petitioner failed to produce evidence of what was purchased with the cancelled checks and that absent such documentation, Petitioner's claims were properly disallowed. The hearing officer also concluded that the expert witness conceded that costs may be disallowed if documentation is by cancelled check.

Finally, with reference to the lack of documentation issue, DPW argues that Petitioner's documentation must be offered and admitted into the record before it may be considered as evidence. *See Johnson v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.),* 107 Pa. Commonwealth Ct. 164, 527 A.2d 638 (1987); *Department of Transportation, Bureau of Driver Licensing v. McCrea,* Pa. Commonwealth Ct. , 526 A.2d 474, *affirmed following reconsideration,* 110 Pa. Commonwealth Ct. 261, 532 A.2d 72 (1987). This Court recognizes that it is a fundamental evidentiary requirement that a document must be formally introduced and admitted into the record before the document may be considered and form the basis of an adjudication. Accord-

ingly, the record fails to establish an abuse of discretion by the hearing officer or that he capriciously disregarded competent evidence in making his findings and recommendation adopted by the Director of the Office of Hearings and Appeals. Accordingly, the order appealed from is affirmed. Further, the order of the Secretary of DPW denying reconsideration was entered beyond the thirty day appeal period, and Petitioner's appeal from this order is therefore dismissed as an appeal from a null and void order.[5]

ORDER

AND NOW, this 25th day of January, 1989, the July 24, 1987 order appealed at No. 1931 C.D. 1987 is affirmed, and Petitioner's appeal of the September 29, 1987 order at No. 2476 C.D. 1987 is hereby dismissed as an appeal from a null and void order.

Judge MACPHAIL did not participate in the decision in this case.

---

[5] See Monsour Medical Center v. Department of Public Welfare, 111 Pa. Commonwealth Ct. 359, 533 A.2d 1114 (1987).

---

DISSENTING OPINION BY JUDGE COLINS:

I dissent. I would vacate the orders of the Department and remand the matters for an evidentiary hearing with directions that petitioner be afforded the opportunity to introduce the cancelled checks which were discussed in the majority opinion.