**Samuel CHERILLO**

v.

**RETIREMENT BOARD OF ALLEGHENY COUNTY,**
**Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 2002.

Decided April 18, 2002.

Charles M. Means, Pittsburgh, for appellant.

Louis R. Salamon, Pittsburgh, for appellee.

BEFORE: PELLEGRINI, J., COHN, J., and DOYLE, Senior Judge.

OPINION BY Judge COHN.

Before the court for review is an order of the Court of Common Pleas of Allegheny County remanding a matter for a due process hearing.[1] We affirm.

This local agency appeal has a long and tortured history. On three occasions the Retirement Board of Allegheny County (Board) has issued an order directing that Samuel Cherillo's disability retirement benefits be discontinued. After the first discontinuance, (effective December 1, 1997), Cherillo filed an appeal with the Court of Common Pleas of Allegheny County. The Board consented to a remand for a full evidentiary hearing. Thereafter, the Board sent another letter (dated July 9, 1998) to Cherillo advising him that his benefits would be terminated retroactive to July 1, 1998. Cherillo again

---

1. Although interlocutory, the order appears to be properly appealable under Pa. R.A.P. 311(f) and the Official Note thereto, allowing appeals from interlocutory orders where the issue would evade review.

appealed and the common pleas court again remanded, by order dated February 25, 1999, after concluding that the Board was an administrative agency and bound by the Local Agency Law. 2 Pa.C.S. §§ 551–555, 751–754. The court also stated that benefits were to be re-instated and the disability pension was to continue until a hearing in accordance with the Local Agency Law provisions was held.

Thereafter, Cherillo was ordered to undergo a physical examination, which he did, and on December 9, 1999, the Board again voted to terminate benefits. Then, it agreed to provide Cherillo with a hearing, but limited the scope of the hearing, over objection of Cherillo's counsel, to questions of whether the Board-designated physicians were qualified and whether the Board had acted arbitrarily. Cherillo was not permitted to introduce his own evidence, was not permitted to cross-examine the physicians whose reports the Board utilized, and the reports were admitted over counsel's objections. On May 12, 2000, the Board affirmed its December 9, 1999 decision. Cherillo again appealed and the trial court reversed and remanded for a hearing in accordance with the Local Agency Law, indicating that pension benefits should continue until terminated pursuant to the Local Agency Law. The appeal from this remand order is presently before us.

The principle question is what type of hearing, if any, is Cherillo entitled to upon discontinuance of his disability retirement benefits. The Board recognizes that he has a right to a hearing, but does not understand what a hearing under the Local Agency Law entails, relying only upon Section 1711(b) of The County Code, (Code) Act of July 28, 1953, P.L. 723, *as amended,* 16 P.S. 4711(b), under which it acted to review his continuing receipt of benefits. Admittedly, that provision of the Code does not specifically provide for a hearing. It states:

> Once each year, the board may require any former county employe, who is receiving a retirement allowance plus a service increment if any by reason of such mental incapacity or total and permanent physical disability, to undergo a medical examination by a physician or physicians designated by the board. Should such physician or physicians thereupon report and certify to the board that such former county employe is no longer mentally incapacitated or totally and permanently physically disabled, or that such former county employe is able to engage in a gainful occupation, and should the board concur in such report, then the amount of the retirement allowance plus a service increment, if any, shall be reduced or discontinued, as the board may determine.

Cherillo asserts that under *Callahan v. Pennsylvania State Police,* 494 Pa. 461, 431 A.2d 946 (1981), retirement benefits are regarded as property and cannot be discontinued without a hearing as envisioned in the Local Agency Law, which authorizes a due process hearing, including, *inter alia,* the right to cross-examine witnesses. The Supreme Court in *Callahan* required a hearing where the Pennsylvania State Police sought to cut off an officer's heart and lung benefits. It held that those benefits were a property right and failure to conduct a due process hearing in such a situation produced an "invalid adjudication."

The term adjudication is defined in Section 101 of the Administrative Agency Law,[2] (which definitional section also gov-

---

**2.** 2 Pa.C.S. §§ 501–508, 701–704.

erns the Local Agency Law provisions) 2 Pa.C.S. § 101, as:

> Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. . . .

Cherillo's rights regarding disability benefits are established in Section 1711(a) of The County Code, 16 P.S. § 4711(a), which states:

> **Any present or future county employe,** except persons who are employed in accordance with the provisions of subsection (c) of this section and persons who are reemployed in accordance with the provisions of subsection (b) of section 1715, **who has been in employ for a period of not less than twelve years, upon application to the board, may receive a retirement allowance plus a service increment,** if any, in accordance with the provisions of section 1712, **if he or she becomes mentally incapacitated or totally and permanently disabled physically,** even though such county employe has not reached the age of sixty years, provided that proof of such mental incapacity or total and permanent physical disability shall be by the unanimous opinion and sworn statements of three practicing physicians of the county designated by the board. Application in behalf of a mentally incapacitated county employe for a retirement allowance plus a service increment, if any, shall be made by a duly appointed guardian who shall be entitled to receive such retirement allowance plus a service increment, if any, to which the mentally incapacitated county employe may be eligible to receive.

(Emphasis added.)

While *Callahan* concerned a case arising under the Administrative Agency Law,

and this case arises under the Local Agency Law, the basic principle that a property right cannot be taken without due process remains the same. We hold that Section 1711(a) of The County Code establishes a property right entitling Cherillo to a hearing that comports with the Local Agency Law, including the right to present and cross-examine witnesses, the right to a full stenographic proceeding, and the right to an adjudication containing findings of fact.

At the hearing, the burden will be on Cherillo to demonstrate that his disability continues and falls within the ambit of the statute. This is because he is challenging the Board's decision based upon the medical reports submitted to it under Section 1711(b). Further, should he subpoena the doctors who issued the medical reports upon which the Board decided to terminate the benefits, he is entitled to do so. This holding is in accord with *Philadelphia Board of Pensions & Retirement v. Amanto*, 97 Pa.Cmwlth. 550, 510 A.2d 846 (1986). In that case, a Philadelphia police officer who had a work-related injury applied for disability retirement benefits that were denied. His request to cross-examine the doctors who had authored the medical reports that formed the basis for the decision was also denied. We reversed, stating that, particularly where the neutrality of the hearing procedures is challenged, live cross-examination should be permitted and the offer of depositions was a "poor substitute." Similarly here, Cherillo has had no chance to question the substance of the medical reports and the repeated refusal to give him a full hearing demonstrates the importance of allowing live cross-examination of the doctors.

Based upon the foregoing discussion, the order of the trial court is affirmed.

### ORDER

**NOW,** April 18, 2002, the order of the Court of Common Pleas of Allegheny

County in the above-captioned matter is hereby affirmed.