IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nathaniel Hite,
                Appellant             :
                                           :
                v.                    :    No. 180 C.D. 2023
                                           :    Argued: February 6, 2024
City of McKeesport and City of      :
McKeesport Firefighters Pension     :
Plan Board                         :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE LORI A. DUMAS, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION
BY JUDGE DUMAS                               FILED:  March 11, 2024

Nathaniel Hite (Hite) appeals from an order of the Court of Common Pleas of Allegheny County (trial court), which affirmed a decision of the McKeesport Firefighters Pension Plan Board (the Board) denying Hite's application for a disability pension under the City of McKeesport Firefighters' Pension Plan (the Plan). After careful review, we vacate and remand for proceedings consistent with this opinion.

## I. BACKGROUND[1]

Hite was employed as a firefighter by the City of McKeesport (City). In October 2009, in the course of his employment, he suffered a labral tear of his left

---

[1] There are several typographical errors in the findings of fact and conclusions of law issued by the hearing officer, specifically, Hite's surgery dates. At the hearing, testimony established that Hite had undergone surgeries in March 2010, October 2010, and March 2013. *See* Notes of Testimony (N.T.), 8/5/19, at 10, 24-25. The findings of fact incorrectly state that Hite reinjured his shoulder in September 2019, and that a second surgery was performed on October 1, 2019. *See*

shoulder that eventually required two surgical procedures. He returned to work and, in June 2011, suffered a partial rotator cuff tear of his left shoulder that also required surgical intervention. Thereafter, Hite was placed on permanent work restrictions. *See* Letter, 10/13/13, at 1.

In October 2013, Hite wrote to the McKeesport Firefighters' Pension Association, requesting a disability pension. *See id.* To qualify, the Plan required an injury in the line of duty as well as an evaluation of the injury from three physicians who concluded that the injury resulted in total disability that was permanent in nature. *See* Plan, § 5.01.[2]

Three physicians evaluated Hite. Dr. Marc D. Laufe concluded, within a reasonable degree of medical certainty, that additional surgery was not indicated and that Hite was permanently and totally disabled as a firefighter due to the condition of his left shoulder. *See* Letter, 2/12/14. Dr. Mark W. Rodosky, Hite's treating physician, opined that Hite was permanently disabled and unable to return to his pre-injury job as a firefighter. *See* Letter, 3/3/14; *see also* Letter, 7/1/14. Dr. Jon B. Tucker, an independent medical expert, evaluated Hite and opined that Hite was temporarily, but not permanently and totally disabled. *See* Letter, 4/29/14; *see*

---

Findings of Fact and Conclusions of Law, 2/3/20, at 2. September 2019 and October 2019 are, of course, after the August 2019 hearing. This apparent typographical error does not affect the hearing officer's conclusions of law or our own analysis. Nevertheless, we cite to other documents in the record in an abundance of caution and for clarity.

[2] The Plan defines "total and permanent disability" as "a condition of physical . . . impairment due to which a Participant is unable to perform any duties of Employment with the Employer." *See* Plan, § 1.33. The determination of "total and permanent disability" is to be made by the Plan Administrator based upon the results of examinations by three physicians approved by the Plan Administrator. *See id.*; *see also* Plan, § 504 (verification of disability). Alternatively, a participant could qualify for benefits for a non-service-related injury, provided the participant had completed five years of credited service. *See* Plan, § 5.01.

*also* Letter, 7/2/14. According to Dr. Tucker, Hite could potentially benefit from an additional surgery.[3] *See* Letter, 7/2/14.

Because these doctors did not unanimously agree that Hite was permanently and totally disabled, the Board determined that Hite did not meet the necessary criteria for a disability pension. *See* Pension Bd. Minutes, 11/12/14, at 1-2; *see also* Pension Bd. Minutes, 12/10/15, at 1-2; *see also* Pension Bd. Minutes, 1/12/16, at 1-3. Subsequently, the Board sent Hite notice of the denial of his claim for a disability pension. *See* Notice Letter, 1/25/16.

In March 2016, Hite sought review[4] of the decision with the City Council,[5] contending that the Board should have had another expert examine the conflicting doctors' reports and arguing that the Board's reliance upon Dr. Tucker's opinion was a violation of his due process rights. *See* Letter, 3/23/16, at 1-2. Additionally, Hite argued that the Plan did not provide for any manner of challenging the opinion of an examining physician, which means that the Plan lacks objective standards for determining disability based upon appropriate medical testing and examination. *See id.* at 2-3.

On August 15, 2019, Hite and representatives of the Board appeared before a hearing officer sitting on behalf of the City Council. At the hearing, Hite

---

[3] Dr. Tucker referenced a Latarjet procedure. *See* Letter, 4/29/14; *see also* Letter, 7/2/14. This procedure is used to treat "anterior shoulder instability" and "includes soft[] tissue repair and osseous reconstruction to stabilize the glenohumeral joint in recurrent anterior instability." Eddie Y. Lo *et al.*, *Comprehensive Modified Latarjet Technique: What the Masters Taught Us*, 11:3 JBJS Essential Surgical Techniques (2021).

[4] The City Council did not schedule a hearing until Hite filed an ancillary mandamus action in the trial court in an attempt to compel it to do so. *See Hite v. City of McKeesport Firefighters' Pension Bd.* (No. GD-18-02872, filed Mar. 1, 2018).

[5] Pursuant to Section 9.07 of the Plan, upon receipt of the notice of the denial of the claim, the participant may request a full and fair review by the City Council within 60 days of the receipt of the notice. *See* Plan, § 9.07(c).

3

requested the opportunity to depose and/or cross-examine Dr. Tucker, who was not in attendance and had not been subpoenaed by Hite. *See* N.T., 8/15/19, at 8-9. After argument on the issue, the hearing officer concluded that Dr. Tucker's opinion spoke for itself and that deposition or cross-examination was unnecessary. *See id.* at 34-35. Accordingly, he denied Hite's request. *See id.*

Hite testified on his own behalf and introduced the reports of Drs. Laufe, Rodosky, and Tucker.[6] *See id.* at 21-30. Hite testified that he is unable to perform firefighting duties and that Dr. Rodosky's opinion was that surgery would not improve his condition. *See id.* at 29-31. According to Hite, Dr. Rodosky told him that "no one would perform [the surgery]." *See id.* at 30.

The hearing officer issued findings of fact and conclusions of law, determining that all three doctors were credible but that, because they were not in mutual agreement regarding the permanency of Hite's disability, Hite did not qualify for a disability pension. *See* Findings of Fact & Conclusions of Law, 2/3/20, at 6. The hearing officer agreed that the plain language of the Plan required unanimity of opinion of the examining doctors. *See id.* Accordingly, the hearing officer denied Hite's request for review. *See id.* at 6-8.

Hite timely appealed the denial to the trial court, which affirmed the decision of the hearing officer. *See* Trial Ct. Op., 2/6/23, at 1-4. Hite then appealed to this Court.

---

[6] None of the three examining doctors appeared or testified at the hearing, nor did the Board present witnesses or evidence.

4

## II. ISSUES

Hite contends that he was denied due process at the hearing before the City Council, which denied Hite's request to take the deposition testimony of a doctor who had examined him.[7]  *See* Hite's Br. at 4.

## III. DISCUSSION[8]

### A. The parties' arguments

Hite contends that the hearing officer's refusal to allow him to depose or cross-examine Dr. Tucker was a violation of his due process rights.  *See* Hite's Br. at 17-21.  According to Hite, he has a vested property right in his disability pension to which full due process rights attach.  *See id.* at 19.  Therefore, Hite contends that the Board may not deny him his pension without a valid adjudication, which he asserts consists of "the opportunity to know of the claims of his opponent, to hear the evidence introduced against him, to cross-examine witnesses, to introduce evidence on his own behalf, and to make argument."  *See id.* at 20-21.

Further, Hite contends that he did not waive his right to request the testimony of Dr. Tucker, because his due process right to cross-examine Dr. Tucker

---

[7] In a second issue, Hite asserts that the decision of the City Council hearing officer was inconsistent and not supported by the record, where the findings of fact determined that all three physicians were credible in their reports, but two of the physicians held diametrically opposed views regarding the permanence of Hite's medical condition.  *See* Hite's Br. at 4.  However, based upon our disposition of Hite's first issue, we need not reach the merits of his second.

[8] This Court's review is limited to determining whether the Board violated Hite's constitutional rights, committed an error of law, or necessary findings of fact are supported by substantial evidence.  *Wiggins v. Philadelphia Bd. of Pensions & Ret.*, 114 A.3d 66, 71 n.4 (Pa. Cmwlth. 2015) (citation omitted).  Substantial evidence is evidence that a reasonable person would accept as adequate to establish the fact in question.  *Moorehead v. Civil Service Comm'n of Allegheny Cnty.*, 769 A.2d 1233, 1238 (Pa. Cmwlth. 2001).  "A reviewing court will examine, but not weigh, the evidence" because the local agency, acting as the factfinder, "is in a better position to discover the facts based upon the testimony and the demeanor of witnesses.  The court may not substitute its judgment for that of the [local agency]."  *Id.* (citation omitted).

did not attach until he appealed the denial of his pension request to the City Council. *See id.* at 23. Hite suggests that "at best, there may have been a year before the hearing was held when a deposition could have been taken." *See id.* Hite offers no explanation for why he did not depose Dr. Tucker within that time, but instead suggests that it is "up to the parties and the hearing officer to agree on the deposition" and that this "failed to take place in this case." *See id.* at 23-24. Therefore, Hite contends that the Board violated his constitutional rights such that the decision must be reversed. *See id.*

The City responds that it is within the local agency's discretion to grant a request for a postponement, and that it is undisputed that Hite waited until the commencement of the hearing to request permission to depose Dr. Tucker. *See* City's Br. at 3-4. According to the City, Hite had over five years in which to depose Dr. Tucker and additionally failed to subpoena him to the hearing, where he would have been subject to cross-examination. *See id.* at 5. Accordingly, the City suggests that Hite has waived any due process claim. *See id.*

Regardless, the City contends that Hite's due process rights were *not* violated. *See id.* at 6. Specifically, the City asserts that it complied with the requirements of the Local Agency Law[9] and provided Hite with a hearing at which he had the opportunity to present and cross-examine witnesses. *See id.* Hite was not prevented from presenting and cross-examining a witness: rather, he did not subpoena any witnesses to the hearing. *See id.* Accordingly, the City contends that the Board did not violate Hite's constitutional rights, and the decision should be affirmed. *See id.* at 7.

---

[9] 2 Pa.C.S. §§ 101-106, 551-555.

6

## B. Analysis

The Due Process Clause of the Fifth Amendment to the United States Constitution guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law[.]"  U.S. CONST. amend. V.  The Fourteenth Amendment also provides that no "State [shall] deprive any person of life, liberty, or property, without due process of law."  U.S. CONST. amend. XIV, § 1.  The Pennsylvania Supreme Court has observed that due process is "a flexible concept which varies with the particular situation." *Bundy v. Wetzel*, 184 A.3d 551, 557 (Pa. 2018).  Ascertaining the process due involves three considerations: "(1) the private interest affected by the governmental action; (2) the risk of an erroneous deprivation together with the value of additional or substitute safeguards; and (3) the state interest involved, including the administrative burden the additional or substitute procedural requirements would impose on the state." *See id.* (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

Whether a hearing and notice is required under Section 553 of the Local Agency Law "depends on whether a local agency's actions constitute an adjudication."[10] *Guthrie v. Borough of Wilkinsburg*, 478 A.2d 1279, 1281 (Pa. 1984).  The Local Agency Law defines "adjudication" as "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made."  2 Pa.C.S. § 101.  In the context of pension and disability benefits, this Court has held that retirement benefits are a property right that cannot be taken without due process. *See Cherillo v. Retirement*

---

[10]Section 553 of the Local Agency Law provides that "[n]o adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard."  2 Pa.C.S. § 553.

*Bd. of Allegheny Cnty.*, 796 A.2d 420, 421-22 (Pa. Cmwlth. 2002) (citing *Callahan v. Pa. State Police*, 431 A.2d 946 (Pa. 1981)). Accordingly, the denial of a disability pension is an adjudication to which attach the due process requirements of notice and the opportunity to be heard. *See Guthrie*, 478 A.2d at 1281; *Cherillo*, 796 A.2d at 421-22.

The basic elements of procedural due process are "adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." *J.P. v. Dep't of Hum. Servs.*, 170 A.3d 575, 580 (Pa. Cmwlth. 2017). Additionally, the opportunity to be heard must occur "at a meaningful time and in a meaningful manner." *Bundy*, 184 A.3d at 557 (quoting *Mathews*, 424 U.S. at 335). This Court has noted that in addition, due process requires "an opportunity to offer evidence in furtherance of such issues."[11] *See Wiggins*, 114 A.3d at 74. We have further observed that "[t]he key factor in determining whether procedural due process is denied is whether the party asserting the denial of due process suffered demonstrable prejudice." *City of Phila. v. Urban Mkt. Dev., Inc.*, 48 A.3d 520, 522 (Pa. Cmwlth. 2012).

Additionally, the power to grant or refuse a continuance is an inherent power of a court or administrative agency, which is normally discretionary and subject to review only on a clear showing of an abuse of that discretion. *See Replogle v. Dep't of Transp.*, 430 A.2d 1221, 1221-22 (Pa. Cmwlth. 1981); *see also Phillips-Farmer v. John Wanamaker-Philadelphia*, 369 A.2d 1339, 1340 (Pa. Cmwlth.

---

[11] This requirement is echoed in the Local Agency Law, which provides that "[l]ocal agencies shall not be bound by technical rules of evidence at agency hearings, and all relevant evidence of reasonably probative value may be received. Reasonable examination and cross-examination shall be permitted." 2 Pa.C.S. § 554.

1977).[12] In such cases, our chief considerations in determining the existence of an abuse of discretion are "whether or not the grant or refusal of the continuance would be in furtherance of justice and whether or not a refusal would prejudice the rights of one of the parties." *See Replogle*, 430 A.2d at 1222.

For example, in *Replogle*, this Court concluded that the State Civil Service Commission abused its discretion in denying a continuance for the petitioner to obtain counsel, when the petitioner had attempted but was unable to obtain counsel prior to the hearing. *See Replogle*, 430 A.2d at 1222. By contrast, in a workers' compensation matter, this Court upheld the denial of a continuance where each party had had *ample opportunity* to present its case, and the damaging testimony "sought to be refuted was extracted by appellant's own counsel who called the claimant as his own witness as if on cross-examination, *after a continuance* at appellant's request." *See Phillips-Farmer*, 369 A.2d at 1340 (emphasis added). This Court concluded that there was no abuse of discretion in denying a second request for a continuance in such circumstances. *See id.*

In the instant matter, Hite requested a single continuance in order to secure the presence of a necessary witness.[13] The hearing officer denied that request. However, the refusal of the continuance was not in the furtherance of justice: the opportunity to cross-examine Dr. Tucker was integral to Hite's arguments on appeal. *See, e.g.*, *Replogle*, 430 A.2d at 1222; *Phillips-Farmer*, 369 A.2d at 1340. Further, the denial did prejudice Hite, as Dr. Tucker's opinion was the basis for denying him

---

[12] Although these cases reference the Administrative Agency Law, 2 Pa.C.S. §§ 501-508, 701-704, and the instant matter was decided under the Local Agency Law, in matters where property rights are at stake, we have held that "the basic principle that a property right cannot be taken without due process remains the same." *See Cherillo*, 796 A.2d at 422.

[13] Although Hite did not specifically request a continuance, both parties accept that his request to cross-examine Dr. Tucker, who was not present at the hearing, would require a continuance. *See* N.T., 8/15/19, at 8-9, 34-35.

9

his disability pension. *See Replogle*, 430 A.2d at 1222. Finally, if the hearing officer had granted the continuance, Hite would continue to receive what he had been receiving from the Plan: no money and no benefits. Accordingly, the denial prejudiced Hite, but not the Board. *See id.*

## IV. CONCLUSION

For the foregoing reasons, we conclude that the hearing officer abused his discretion when he refused to grant Hite's request for a continuance in order to cross-examine Dr. Tucker. *See Replogle*, 430 A.2d at 1222; *Phillips-Farmer*, 369 A.2d at 1340. Therefore, we vacate and remand for further proceedings at which Hite may subpoena Dr. Tucker to the hearing.

LORI A. DUMAS, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nathaniel Hite,
          Appellant          :
                               :
          v.               :    No. 180 C.D. 2023
                               :
City of McKeesport and City of     :
McKeesport Firefighters Pension   :
Plan Board                    :

## **O R D E R**

AND NOW, this 11th day of March, 2024, the order entered by the Allegheny County Court of Common Pleas on February 6, 2023, is VACATED and the matter is REMANDED for further proceedings consistent with this decision.

Jurisdiction relinquished.

 

                                 _____
                                  LORI A. DUMAS, Judge